WISHMIER v. BEHYMER.

NEW TRIAL.—*Excessive Damages.*—The Supreme Court will not reverse a judgment for the purpose of granting a new trial on the ground of excessive damages, where the verdict is within the range of the evidence.

SAME.—*Admission of Evidence.—Error Cured.*—The error of admitting improper evidence over objection is cured by the instruction of the court to the jury to disregard such evidence.

APPEAL from the Marion Civil Circuit Court.

GREGORY, J.—Behymer sued Wishmier in the court below for a failure by the latter to deliver to the former, at Indianapolis, a certain amount of walnut lumber, on contract. There are two paragraphs of the complaint, one of which alleges special damages. Trial by jury; finding for the plaintiff, assessing the damages at $329.78. A motion for a new trial was overruled. The only error relied on in this court is, that the court erred in overruling the motion for a new trial.

The first point made is, that the damages are excessive. The proof tends to show that there was a failure to deliver some eighty-two thousand feet of lumber. The contract price was twenty-six dollars per thousand. There was a conflict in the evidence as to the value of the lumber at the time and place of delivery. The jury were the sole judges of the credit to be given to the witnesses. The verdict is within the range of the evidence, and this court cannot interfere with the finding.

The plaintiff, on the trial, over the objection of the defendant, was permitted to testify as to the value of such lumber at the time of delivery in the New York market, for the purpose of sustaining the allegation of special damages. The jury were instructed by the court to disregard this evidence, the plaintiff having, on the trial, abandoned his claim for special damages. If there was any error in admitting this proof, it was cured by the instructions of the court. The testimony admitted, under the charge of the court, could not have prejudiced the defendant's case.

The judgment is affirmed, with costs and ten per cent. damages.

*J. S. Harvey*, for appellant.

*A. G. Porter*, *B. Harrison*, and *W. P. Fishback*, for appellee.