*J. T. Dye* and *A. C. Harris*, for appellees.

---

## ADAMS *v*. DALE.

EVIDENCE.—*Practice.*—Improper evidence having been admitted on the trial of a cause by the court, to which exceptions were taken, the court, in announcing the finding, stated that the evidence so admitted had been entirely excluded from consideration;

*Held*, that the admission of the improper evidence worked no injury.

SAME.—A court that has admitted improper evidence should, at the earliest moment after discovering the error, announce in open court that the evidence has been improperly admitted, and will be disregarded.

SAME.—*Contract.*—Where it has been contracted to deliver lumber "on the cars," at a railroad station, and the evidence shows that the vendor had no lumber at the station or at his mill at the time it was to be delivered, he will not be injured by the court's excluding evidence to show that the vendee did not furnish any cars at the station upon which to load the lumber.

APPEAL from the Henry Common Pleas.

BUSKIRK, J.—This was an action by the appellee against the appellant upon three several written contracts for the sale and delivery of lumber at specified times, places, and prices, and the object of the action was to recover damages for the failure of the appellant to deliver the lumber according to the contracts.

The complaint was in three paragraphs. Each paragraph was based upon a written contract, and each alleged a readiness to perform on the part of the plaintiff, and a failure to deliver on the part of the defendant. The defendant answered in four paragraphs. There was a reply to the affirmative paragraphs of the answer. There was a trial by the court, and a finding for the plaintiff. A motion for a new trial was overruled, and an exception taken by the defendant.

There is but one valid assignment of error, and that is based upon the action of the court in overruling the motion for a new trial, all the others being the reasons assigned for a new trial. This assignment of error presents for our consideration and decision three questions; first, was the finding sustained by sufficient evidence? second, did the court err in the admission of illegal evidence? third, did the court err in excluding legal evidence?

It is earnestly maintained by the appellant that it is not shown by the evidence that the plaintiff was ready to receive and pay for the lumber, at the several times and places named in the written contracts. The appellant seeks to raise the same question on the evidence, that was raised by de-

murrer and decided by this court, when this case was in this court before. See *Adams* v. *Dale*, 29 Ind. 273.

We have read with care all the evidence, and are entirely satisfied that it was clearly shown by a decided preponderance of the evidence that the appellee was able, ready, and willing to receive and pay for the lumber according to the terms of the contracts, and that the defendant failed on his part to comply with the contracts. It is also claimed that the damages were excessive. There was much evidence as to the value of the different qualities of the lumber specified in the several contracts, at the times of making the contracts and the several times of delivery, and of the cost of transporting the same. The court below was far more competent to determine all these questions than we are. *The Madison and Indianapolis Railroad Company* v. *Taffe*, 37 Ind. 361.

It is claimed that the court erred in admitting in evidence, over the objection and exception of the appellant, evidence as to the value of certain lumber at Indianapolis and Cincinnati. This evidence was admitted in support of the third paragraph of the complaint. By the contract set up in the third paragraph of the complaint, the lumber was to be delivered on the cars at Coffin's station, which is shown by the evidence to be in Henry county, in the State of Indiana.

It is stated by the judge in the bill of exceptions, that the court announced in open court, when the finding of the court was rendered, that the evidence relating to the price of the lumber at Indianapolis and Cincinnati was not considered by the court in rendering his finding, but was entirely excluded from his consideration. Was the appellant injured by the admission of such evidence? There was evidence of the value of the lumber at Coffin's station. We are of the opinion that the appellant was not injured by the action of the court in admitting the evidence complained of and afterward disregarding it in deciding the case. A court composed of one person, and accustomed to trying causes, can more readily discard from his mind evidence that has been

heard, than can a jury composed of twelve men, without much experience in such matters. A court that has admitted incompetent evidence should, at the earliest moment after discovering the fact, announce in open court that the evidence has been improperly admitted and will be disregarded. This would give the party injured the right to except or offer other and legal evidence on the point.

It is next claimed that the court erred in excluding certain evidence offered by the appellant. The contract set out in the third paragraph of the complaint was as follows;

"COFFIN'S STATION, January 26th, 1864.

"Received of A. W. Johnson, agent of W. F. Dale, fifty dollars, on a contract for thirty thousand feet of walnut lumber, to be sawed $1\frac{1}{6}$ inches in full, at twenty dollars and fifty cents per thousand. The above lumber to be all of good merchantable quality, and delivered on the cars at Coffin's Station on or before the 15th day of April next. IRA B. ADAMS."

The plaintiff below did not attempt to prove that he had furnished any cars at Coffin's Station, upon which to load said lumber. The defendant below offered to prove that the plaintiff had not furnished any cars. This evidence was excluded, and the defendant excepted and assigned such exclusion as a reason for a new trial. Did the court err in excluding such evidence? It is not very clear, under the contract, which party was bound to procure the cars, but we are inclined to hold that it was the vendor, as the vendee was not bound to receive and pay for the lumber until it was delivered on the cars. But suppose it was the duty of the vendee to provide the cars, he certainly was not required to do so, until there was some lumber at the station to load. It appears from the evidence that the mill of the appellant was not located on the railroad. He had to haul the lumber to the station from his mill. It appears from the evidence that the appellant had no lumber at his mill or at the station ready to deliver on the contract. The law would not require the appellee to furnish cars and keep them at the station indefinitely, at a heavy expense, when there was no lumber

to be loaded. The appellant had the right under the contract to deliver the lumber at any time from the making of the same, up to and including the 15th day of April. Conceding it to have been the duty of the vendee to furnish the cars, it was the duty of the vendor to notify him that the lumber was ready or would be ready at a day certain. We are of the opinion that the appellant was not injured by the exclusion of the evidence. Besides, the deposition of the appellant was read in evidence, in which he swore that the appellee had not furnished any cars; and on this point he was uncontradicted.

The judgment is affirmed, with costs.

*J. Brown* and *R. L. Polk,* for appellant.

*J. H. Mellett* and *R. E. Forkner,* for appellee.