Cagney v. Cuson.

No. 8332.

CAGNEY v. CUSON.

VENDOR AND PURCHASER.—*Representations.*—*Quality.*—A purchaser has no right to rely upon the representations of the vendor as to the quality of the property, where he has a reasonable opportunity of examining it and judging for himself.

SAME.—*Inadequacy of Consideration.*—*Fraud.*—Inadequacy of consideration alone is no ground for inferring fraud unless the inadequacy is so great as to impress every person with its grossness.

SAME.—*Representations.*—A purchaser has usually no right to rely upon affirmations of value made by the vendor, value being generally a mere matter of opinion, about which persons are liable to differ very widely.

SAME.—*Pleading.*—*Complaint.*—*Damages.*—*Cancellation of Note and Mortgage.*—*Misrepresentation.*—In an action for damages, and for the cancellation of notes and mortgages executed in a sale and exchange of property induced by the alleged false representations of the defendant, a complaint which shows that the plaintiff had a suitable opportunity to examine the property, but shows no sufficient reason for such failure, and fails to show a gross inadequacy in the consideration for its exchange, and alleging such misrepresentations as amount merely to affirmations of value, is insufficient to sustain a verdict and judgment.

From the Starke Circuit Court.

*J. D. McClaren*, for appellant.
*G. W. Beeman*, for appellee.

NIBLACK, J.—Action by Michael Cuson against Patrick Cagney. The complaint represented that, on the 11th day of March, 1879, and long prior thereto, the plaintiff was, and had been, a resident of the city of Chicago, in the State of Illinois, and was by vocation a boat-builder, without any knowledge of farming, or of farming implements, or other property used, or grown upon, a farm; that about ten days prior to that time the plaintiff was approached by one Watkins, of said city of Chicago, who represented himself to be an agent and attorney of the defendant, and who then and there proposed to exchange certain lands belonging to the defendant, and situate in Starke county, in this State, together with some farming implements and other personal

property thereon, for a house and lot and a small stock of merchandise, belonging to the plaintiff and situate in said city of Chicago; that about the 5th or 6th day of March, 1879, the plaintiff and Watkins visited Starke county to look at, examine and inspect the defendant's said lands and personal property used and situate thereon; that, when the plaintiff and Watkins arrived at the house and lands of the defendant, the defendant and Watkins, together with the wife of the defendant, conspired and confederated together to mislead, deceive and defraud the plaintiff by preventing him from having an inspection of said lands and personal property; that the defendant then falsely said that he did not want to sell his said property, and that it was no use for the defendant to look at the personal property; that thereupon Watkins, pretending to be angry with the defendant for misleading him, informed the plaintiff that it was no use for them to remain longer, when they commenced to make preparations to return to Chicago; that at this juncture the wife of the defendant invited the plaintiff and Watkins to remain for dinner, which they consented to do; that the dinner was well prepared and of good material, but was composed of articles purchased at the suggestion of the defendant and Watkins of the defendant's neighbors, and not grown and produced upon his (the defendant's) lands, as his wife pretended and asserted they were; that the plaintiff after eating dinner returned to Chicago without having made an inspection of defendant's lands and personal property; that the defendant was well acquainted with Watkins, having great confidence in him and relying upon whatever he said or represented; that about the 9th or 10th day of March, 1879, the defendant and Watkins together approached the plaintiff and renewed Watkins' proposition for an exchange of property, representing that the defendant's lands embraced one hundred and twenty acres and were worth thirty dollars per acre; that the lands and personal

property, to the latter of which certain values were attached in detail, and some of which was asserted to be as good as new, were together worth the aggregate sum of $3,200; that the plaintiff relying upon said representations, and believing them to be true, exchanged his said house and lot in Chicago, worth $2,000, and his stock of merchandise, worth with fixtures $440, with the defendant, for his said lands and personal property thereon, agreeing to give the defendant $350 for the supposed difference in the values of the property exchanged; that thereupon the plaintiff on said 11th day of March, 1879, executed to the defendant his three promissory notes in the aggregate sum of $350 for said supposed difference in values, and secured the same by a mortgage on the Starke county lands obtained from the defendant; that such representations concerning the defendant's lands and personal property were false and fraudulent, and made for the sole purpose of cheating and defrauding the plaintiff; that said lands were not at the time of filing the complaint worth more than ten dollars per acre; that the personal property was also at that time greatly inferior, both in quality and in value, to what it was represented to be, giving the alleged difference between the represented value and the real value of each article of such property.

Wherefore the plaintiff demanded one thousand dollars for his damages, and that the notes and mortgages executed by him to the defendant should be decreed to be fraudulent and void, and ordered to be cancelled, and all other proper relief.

Answer in general denial; trial by jury; verdict for the plaintiff, assessing his damages at $439.50, and finding that the mortgage ought to be reduced by that sum. The plaintiff remitted all the damages over $300, and the court thereupon, after denying a motion for a new trial, rendered judgment in his favor for the latter sum, ordering that the notes

and mortgage be reduced that amount, the reduction to take effect from the day of their date.

Error is assigned here upon the alleged insufficiency of the complaint to sustain the proceedings below, and this assignment of error presents the first question we are required to consider.

As to fraudulent representations operating as an inducement to the sale or exchange of property, the following propositions are deducible from the authorities:

First. That the purchaser has no right to rely upon the representations of the vendor as to the quality of the property, where he has a reasonable opportunity of examining the property and judging for himself as to its qualities.

Second. That inadequacy of consideration alone is no ground for inferring fraud, unless the inadequacy is so great as to impress every person with its grossness.

Third. That a purchaser has usually no right to rely upon affirmations of value made by the vendor, value being generally a mere matter of opinion, about which persons are liable to differ very widely. 1 Bigelow Fraud, chap.1, sec. 2; 6 Wait's Actions and Defences, p. 818; *Kennedy* v. *Richardson*, 70 Ind. 524; *Frenzel* v. *Miller*, 37 Ind. 1.

The complaint in this case shows that the appellee had a suitable opportunity of examining both the lands and the personal property which he obtained by exchange from the appellant, and no sufficient reason is alleged for his failure to embrace that opportunity. Nothing is averred which necessarily prevented him from making such an examination if he had persisted in making it. In the next place, the complaint avers nothing from which a gross inadequacy in the consideration for the exchange can be inferred. Lastly, the *gravamen* of the complaint is made to rest upon the alleged misrepresentations of the appellant as to the value of the property exchanged by him with the appellee,

such representations amounting to mere affirmations of value, upon which the appellee had no right to rely.

In our opinion, the complaint failed to make a cause of action against the appellant, and, for want of a sufficient complaint, the judgment will have to be reverssd.

The conclusions we have reached as to the insufficiency of the complaint render it unnecessary for us to consider some other questions reserved upon the evidence.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.