Evansville and Terre Haute Railroad Company *v.* Montgomery.

———————◆———————

No. 9386.

## Evansville and Terre Haute Railroad Company *v.* Montgomery.

PRACTICE.—*Error in Evidence Cured by Instruction.*—An error in admitting improper evidence may be cured by an instruction which, in effect, directs the jury to disregard such evidence.

WITNESS.—*Foundation for Impeachment.—Time and Place.*—An impeaching question which calls for a statement made "in June last, in Hazelton, Indiana," is sufficiently definite as to time and place, when the principal witness admits a conversation at such time and place, though denying the particular statement imputed to him.

From the Gibson Circuit Court.

*A. Iglehart* and *J. E. Iglehart,* for appellant.

*J. E. McCullough,* for appellee.

Evansville and Terre Haute Railroad Company v. Montgomery.

WOODS, C. J.—The appellee obtained judgment against the appellant for breach of a contract of affreightment, whereby the appellant undertook to carry flour for the appellee from Petersburg, Indiana, to New Orleans. It is claimed that the jury gave excessive damages, and that the court admitted improper evidence, both on the subject of damages and in impeachment of a witness.

A witness stated the value of a part of the flour at Petersburg, but excepting this the evidence on the subject was confined to values at New Orleans, and in its instructions the court charged the jury that the damages should be estimated from the proof of values at New Orleans. It is clear that the appellant was not harmed in the respect complained of by the evidence of the value of the flour at Petersburg.

In reference to the impeachment, the objection is urged that the time and place were not fixed with sufficient definiteness in the question put to the principal witness. The time and place as stated in the question were, "in June last, in Hazleton, Indiana." The witness admitted having had a conversation with and in the presence of the parties named, "at Hazleton, in June last," but denied saying what was imputed to him. The impeaching witness testified to a conversation at the same time and place, and there can be no doubt that both witnesses spoke in reference to the same conversation, concerning which the principal witness had been required to answer. There was, therefore, no error in this particular. *Bennett* v. *O'Byrne*, 23 Ind. 604; *Wilkerson* v. *Rust*, 57 Ind. 172; *Lawler* v. *McPheeters*, 73 Ind. 577.

There was sufficient evidence to support the finding of the jury in respect to the amount of damages, and we will not undertake to determine its credibility or relative weight.

Judgment affirmed.