No. 17,125.

## SHEPARD *v.* GOBEN.

APPELLATE PROCEDURE. — *Excluded Evidence.* — *Question, How Saved.*—An objection to the overruling of a question is not available upon appeal, unless an offer or statement of what was proposed to be proved was made.

EVIDENCE.—*Erroneous Admission of.*—*Withdrawal.*—*Error Cured.* —*Appellate Procedure.*—Error in the admission of improper evidence is cured by a complete withdrawal of it from the jury, and an explicit direction to disregard it, where the party complaining does not show that in spite of its withdrawal, and the admonition to disregard it, the erroneous evidence prejudiced him with the jury.

SAME.—*Relevancy.*—*Agency.*—Evidence, the relevancy of which is dependent upon the existence of an agency, may be admitted upon the express undertaking of the party offering it to disclose the relation of agency, where some evidence has already gone to the jury, tending to establish such agency.

INSTRUCTION TO JURY.—*Sale.*—*Real Estate.*—*Misrepresentations.*— *Inspection.*—*Deceit.*—An instruction that a purchaser has no right to rely upon the seller's representations as to quality of land, where he has a reasonable opportunity to examine and judge for himself, is not erroneous because it does not contain the condition that the

defects complained of were such as an examination would have disclosed—especially where the jury are further instructed that the seller could not defeat a recovery for his fraud by showing an inspection, if such an inspection would not disclose the deceits practiced, or if by fraud the purchaser was induced to be less vigilant in his inspection.

From the Parke Circuit Court.

*Hurley & Clodfelter, M. D. White* and *L. J. Coppage,* for appellant.

*Wright & Seller,* and *Crane & Anderson,* for appellee.

HACKNEY, J.—The appellant sued the appellee, in the circuit court, for the recovery of five thousand dollars damages alleged to have been sustained in the exchange of certain real estate in Crawfordsville, for a farm in Illinois. The theory of the suit was that the alleged false and fraudulent representations of the appellee as to the quality and value of the farm had deceived the appellant to his injury in said sum. All of the questions for our consideration arise upon the action of the trial court in overruling the appellant's motion for a new trial. As tending to prove an allegation that the farm was not as productive as represented, the appellant was asked, as a witness, to state what he had received from the place each year. The appellee's objection was sustained and no offer or statement of what was proposed to be proven was made. No question, therefore, is properly presented. *Wright* v. *Fulz,* 138 Ind. 594; *Smith* v. *Gorham,* 119 Ind. 436 ; *Higham* v. *Vanosdol,* 101 Ind. 160 ; *Judy* v. *Citizen,* 101 Ind. 18 ; *Baltimore, etc., R. R. Co.* v. *Lansing,* 52 Ind. 229 ; *Adams* v. *Cosby,* 48 Ind. 153 ; *Lewis* v. *Lewis,* 30 Ind. 257 ; *City of Evansville* v. *Thacker,* 2 Ind. App. 371.

On motion of the appellee, the court struck out cer-

tain parts of the appellant's evidence of the appellee's representations as to the market value of corn and oats in the markets near said farm.   In this ruling there was no error, since no issue was presented by the pleadings as to any such representations.

The trial court admitted evidence, from the appellee, of the character, condition, and location of the Crawfordsville property, as tending to establish its value, and in addition permitted direct evidence of its value. This evidence was admitted over the objection of the appellant, and was thereafter, and before the close of the evidence, withdrawn from the consideration of the jury by the direction and admonition of the court as follows : "Gentlemen of the jury : All of the testimony in the case, given on either side, in reference to the actual value of the Crawfordsville property at the time of the trade in question, and at any time during the negotiations concerning the trade, is withdrawn from the jury —concerning the actual value—there is no reference now, as to what was the agreed price.  You are directed to give such testimony no consideration whatever." There having been evidence also, of the agreed price at which said property was considered in the trade, the court manifestly discriminated between the agreed price, and the actual value, excluding the latter from consideration, but retaining the evidence of the agreed price. All of the evidence, as to said property, to which objection was urged, and exception reserved, had reference to the actual value as distinguished from the agreed price, and the action of the court in withdrawing the evidence of actual value was fully as broad as the evidence objected to.   While it is argued that the withdrawal did not cover the entire evidence upon the subject, it is insisted also, that the admission of the evidence was such prejudicial error that it could not be

withdrawn. It has been frequently held, in this State, that evidence erroneously admitted may properly be withdrawn by the court. *Zehner* v. *Kepler*, 16 Ind. 290; *Adams* v. *Dale*, 38 Ind. 105; *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582; *Wishmier* v. *Behymer*, 30 Ind. 102; *Gebhart* v. *Burkett*, 57 Ind. 378; *Moore* v. *Shields*, 121 Ind. 267; *Blizzard* v. *Applegate*, 77 Ind. 516; *Evansville, etc., R. R. Co.* v. *Montgomery*, 85 Ind. 494; Elliott App. Proced., section 701; *Pennsylvania Co.* v. *Roy*, 102 U. S. 451 (457.)

In the present case the withdrawal was complete, and the direction to disregard it was explicit, and, under the authorities cited, the error, if any, was fully cured. If the effect of the erroneous evidence were such as to prejudice the jury against the cause of the appellant, notwithstanding its withdrawal and the admonition to disregard it, the burden would rest upon the appellant to establish such prejudice, and this court will not presume, as counsel insist, that the evidence so withdrawn prejudiced the jury against his cause. Elliott App. Proced. 701 and 702; *Pennsylvania Co.* v. *Roy, supra.*

The appellant complains further of the admission of certain evidence of statements made by, and to, the appellant's wife, concerning the character of the farm. No question is made against the relevancy of the evidence, if the wife was the agent of the appellant in the negotiations. The court admitted the evidence upon the express undertaking of the appellee to disclose the relation of agency, some evidence having already gone to the jury tending to establish such agency. Considering the whole of the evidence which was favorable to the existence of an agency, we are of opinion that, *prima facie*, an agency was established. Though all of the evidence essential to the establishment of an agency had not been given in advance of the statements objected to,

there was no available error in admitting them. *Rowell* v. *Klein*, 44 Ind. 290.

It is insisted that the court erred in giving the following instruction: "A purchaser of property has no right to rely upon the representations of the vendor, or seller of the property as to its quality, where he has a reasonable opportunity of examining the property, and judging for himself as to its qualities." The objection urged against this charge is that it should have contained the following qualification or condition: "If the defects complained of as constituting the fraud were such as an examination of the property would have disclosed."

The charge given was a correct statement of the law. *Cagney* v. *Cuson*, 77 Ind. 494; *Hunt* v. *Blanton*, 89 Ind. 38.

"A reasonable opportunity of examining and judging" might fairly be held to include all that is contained in, or implied from the condition urged as necessary to the sufficiency of the charge. However, it is questionable whether the appellant's remedy was not to have asked a fuller instruction. Elliott App. Proced., sections 647, 736, and cases cited.

The same objection is made to other charges given, and the decision made applies to such with equal force. The objection, as to each of said instructions, is not available for the further reason that the court, in its fifth charge, told the jury that the vendor could not defeat a recovery by showing an inspection of the land, if it appeared that an inspection would not disclose the deceit in the alleged false representations, or if by fraud the purchaser was induced to be less vigilant in his inspection.

Finally it is complained that the court modified two instructions asked by appellant. The instructions had relation to the character of representations constituting

fraud, and necessary to a recovery, and the modifications consisted of statements to the effect that the representations must be such as the appellant "had a right to rely upon." Former instructions had indicated certain representations, and representations under certain conditions which the appellant had no right to rely upon. In view of the former instructions the phrase objected to must be held to have reference to the class of representations pointed out as not to be relied upon. While no definition of the phrase is given in express terms, it is quite clear, considering the charges all together, as we must, that the representations upon which the appellant had the right to rely should be other and different from those where it had been expressly directed that there was no right to rely.

Finding no available error in the record, the judgment of the circuit court is affirmed.

McCABE, J., did not participate in this case.

Filed January 16, 1895; petition for rehearing overruled October 16, 1895.