## MADDEN *v.* THE STATE.

[No. 18,178.   Filed May 25, 1897.   Rehearing denied June 9, 1897.]

APPEAL AND ERROR.—*Evidence.— When in Record.*—Where the transcript does not purport to contain the original longhand manuscript of the evidence, and the bill of exceptions states that it contains all the evidence given in the cause, certified by the judge and clerk of the trial court the evidence is properly in the record. *pp. 184, 185.*

TRIAL.—*Practice.—Withdrawal of Evidence from Jury not an Instruction.—Statute Construed.*—An oral statement made by the trial judge at the close of the evidence, and after the opening argument had been made, withdrawing certain testimony from the jury, is not an instruction within the meaning of section 1892, Burns' R. S. 1894 (1823, R. S. 1881). *pp. 185, 186.*

SAME.—*Evidence.—Error in Admission.— How Cured.*—An error in the admission of evidence is cured by the court afterward withdrawing same from the jury, where it is not shown that the complaining party was harmed thereby. *p. 186.*

SAME.—*Practice.—Withdrawal of Evidence from Jury.—Waiver of Error.*—Where the court after the close of the evidence and the beginning of the argument made an oral statement to the jury withdrawing from their consideration certain evidence admitted over objection, error, if any, was waived by the failure of counsel to move the discharge of the jury. *pp. 186, 187.*

APPEAL AND ERROR.— *Conflicting Evidence.— Criminal Law.*—The Supreme Court will not weigh the evidence in a criminal cause for the purpose of settling conflicts therein. *p. 187.*

From the St. Joseph Circuit Court.   *Affirmed.*

148    183
148    524
151    121

148    183
157    530

148    183
167    234

148    183
169    508

*J. W. Talbot* and *J. E. Talbot*, for appellant.

*W. A. Ketcham*, Attorney-General, and *Thomas W. Slick*, for State.

McCabe, C. J.—The appellant was convicted of grand larceny on an indictment charging him with grand larceny, burglary, and receiving stolen goods, the jury fixing his punishment at $5.00 fine and three years in the penitentiary.

The trial court overruled his motion for a new trial, which ruling is called in question by his assignment of errors. The motion, among other things, assigned as reasons therefor that the court, over appellant's objection, permitted the State to prove that some months prior appellant had been arrested in St. Joseph county on another charge of grand larceny, and the court, after a proper request from appellant that all instructions be in writing, over appellant's objection, gave an oral instruction.

We are met on behalf of the State by an objection to the consideration of these questions, because it is insisted that the evidence and the matters involved in this exception are not in the record. It is claimed that there is nothing to show that the longhand manuscript was filed in the clerk's office before its incorporation in the bill of exceptions, or that it was ever filed in the clerk's office. That is true, but there is nothing to show that the original longhand manuscript was ever incorporated in the bill of exceptions, but the transcript purports to contain a transcript of the bill of exceptions including a copy of the longhand manuscript, if it ever was incorporated in the bill of exceptions.

Where the transcript does not purport to contain the original longhand manuscript, but where the bill, as here, states that it contains all the evidence given in the cause, there is no reason why such transcript

should show that the longhand manuscript of the evidence and its incidents was ever filed in the clerk's office.

It is sufficient if the judge certifies as he has here that the bill of exceptions contains all the evidence given in the cause, and the clerk certifies as he has here "that the above and foregoing transcript contains complete copies of all the papers and entries in said cause," the transcript otherwise showing the filing of the bill of exceptions in said cause.

The bill of exceptions shows that at the beginning of the trial the defendant filed a written paper reading thus: "The defendant requests the court to reduce his charge and instructions in this cause to writing, and to give no instructions unless the same have been reduced to writing," signed by his counsel.

And the bill of exceptions further shows that after the evidence in the case had been closed and the opening argument had been made by the deputy prosecuting attorney on behalf of the State, the court gave orally to the jury, of its own motion, an instruction in the words and figures following, to-wit: "Gentlemen of the jury, while the defendant himself was on the witness stand, a motion was made by the defendant's counsel to strike out certain testimony referring to the defendant's former arrest in this county, and the sheriff and chief of police were called in rebuttal for the State. I have come to the conclusion that that ought not to have gone to the jury. Therefore, I instruct you that whatever testimony refers to the former arrest be disregarded by you."

The giving of this instruction orally and without being reduced to writing was at the proper time objected to by appellant's counsel, which objection was overruled by the court, to which ruling appellant at the time excepted. The giving of the instruction

orally and without being reduced to writing, under the circumstances, it is claimed by appellant, was a violation of the statute rendering the granting of a new trial imperative on the court. Section 1892, Burns' R. S. 1894 (1823, R. S. 1881), sub-section 5.

That such a direction is but a method of striking out the evidence mentioned therein, and is not an instruction within the meaning of the statute is well settled by the decisions of this court. *Stanley* v. *Sutherland*, 54 Ind. 339; *McCallister* v. *Mount*, 73 Ind. 559; *Lawler* v. *McPheeters*, 73 Ind. 577; *Trentman* v. *Wiley*, 85 Ind. 33; *Bradway* v. *Waddell*, 95 Ind. 170; *Lehman* v. *Hawks*, 121 Ind. 541.

It is insisted by the appellant that the court erred in admitting the evidence referred to in said instruction for which the motion for a new trial ought to have been sustained. But it is contended on behalf of the State that the error was cured by the court afterwards in excluding it entirely from the consideration of the jury. That is well settled law in this State, especially where the complaining party fails to show affirmatively that notwithstanding such withdrawal of such inadmissible evidence that it harmed him. There is no such showing in this case. *Shepard* v. *Goben*, 142 Ind. 318; *Zehner* v. *Kepler*, 16 Ind. 290; *Adams* v. *Dale*, 38 Ind. 105; *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582; *Wishmier* v. *Behymer*, 30 Ind. 102; *Gebhart* v. *Burkett*, 57 Ind. 378; *Moore* v. *Shields*, 121 Ind. 267; *Blizzard* v. *Applegate*, 77 Ind. 516; *Evansville, etc., R. R. Co.* v. *Montgomery*, 85 Ind. 494; *Houser* v. *State, ex rel.*, 93 Ind. 228.

But if we were even in error in holding that the withdrawal of the evidence cured the error, the appellant has waived it. After the court saw and confessed its errors, by withdrawing the evidence, if appellant thought such withdrawal of evidence did not cure the

error and that it would influence the jury to his injury, it was his duty to move to discharge the jury that he might have a jury free from such influence. His failure to do so was a waiver of the error if any there was. *Coleman* v. *State*, 111 Ind. 563; *Henning* v. *State*, 106 Ind. 386, and cases cited in each. See *Townsend* v. *State*, 147 Ind. 624.

The only other error complained of under the motion for a new trial is that the evidence is not sufficient. We have examined it and find the evidence as to appellant's guilt conflicting. But there was sufficient competent evidence adduced by the State from which the jury might reasonably and logically infer every essential fact necessary to constitute the appellant's guilt of the crime of grand larceny, of which they found him guilty. It is true the evidence of his guilt was circumstantial, that is, it consisted in the fact that he was found in the exclusive possession of the recently stolen property, and he made no attempt to explain such possession. This was sufficient to warrant the inference of his guilt. *Clackner* v. *State*, 33 Ind. 412; *Way* v. *State*, 35 Ind. 409; *Smathers* v. *State*, 46 Ind. 447; *Jones* v. *State*, 49 Ind. 549; *Bailey* v. *State*, 52 Ind. 462, 21 Am. Rep. 182.

This court, on appeal, cannot correct any error of fact if any such has been committed by the jury in determining the weight of the evidence, nor can we reweigh it so as to settle conflicts therein. *Deal* v. *State*, 140 Ind. 354; *Kleespies* v. *State*, 106 Ind. 383; *Hudson* v. *State*, 107 Ind. 372; *Skaggs* v. *State*, 108 Ind. 53; *State* v. *McKee*, 109 Ind. 497.

The circuit court did not err in overruling the motion for a new trial.

Therefore, the judgment is affirmed.

Howard, J., took no part in the decision of this cause.