Hanson v. Cruse.

HANSON v. CRUSE ET AL.

[No. 18,848. Filed June 28, 1900.]

LANDLORD AND TENANT.—*Repairs.*—*Habitability of Premises.*—The relation of landlord and tenant raises neither an implied warranty of habitability nor an obligation to repair on the landlord's part. *p. 177.*

SAME.—*Failure to Make Repairs.*—*Damages.*—Damages cannot be recovered by a tenant for personal injuries resulting from the mere continuance of obvious defects to a house occupied by him which the landlord agreed to repair. *pp. 177, 178.*

PLEADING.—*Defective Demurrer.*—*Appeal and Error.*—Sustaining a defective demurrer is not reversible error where the pleading demurred to was bad. *p. 178.*

From the Marion Superior Court.    *Affirmed.*

*G. R. Estabrook* and *W. V. Rooker,* for appellant.
*J. B. Kealing* and *M. M. Hugg,* for appellees.

BAKER, C. J.—Appellant set forth in her complaint substantially these facts:   On February 26, 1898, appellees owned a dwelling-house in Indianapolis, which was out of repair in that an outside door at the rear of the house was missing, some panes were broken out of windows, and certain locks were gone so that doors could not be closed.

Hanson *v.* Cruse.

On that day appellees proposed to appellant to repair the house in the particulars mentioned and to rent it to her for one month from that day for $9; and appellant thereupon accepted the proposition, paid the rental, and moved into the house. As soon as appellant had moved in, appellees failed and refused to make any of the repairs except to place and hang the outside door, which was done on March 5, 1898. By reason of appellees' failure to repair the house, appellant was subjected to great exposure and her health was permanently impaired, all without fault on her part, and to her damage, $10,000. All of the appellees demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action. Some, on the further ground that the court did not have jurisdiction over them. A general order sustaining all the demurrers was made, and, on appellant's refusal to plead further, final judgment was rendered for appellees.

In this case, there was no misrepresentation nor concealment of the defects complained of. The defects were of the most obvious nature and were open equally to the knowledge of both parties. There was no express warranty that the house was habitable. The relation of landlord and tenant raises neither an implied warranty of habitability nor an obligation to repair on the landlord's part. *Purcell v. English,* 86 Ind. 34, 44 Am. Rep. 255; *Lucas v. Coulter,* 104 Ind. 81. In the absence of a contract that the landlord shall make repairs, the burden would fall on the tenant if he wanted them made. But the tenant may contract with the landlord, as well as with another, for the making of repairs. And here such a contract was made. In the payment made by appellant was included the consideration for appellees' undertaking to repair. Under the contract, appellant was entitled to the repairs or to damages for the breach of the contract. Appellees broke their contract, and are liable in damages. But what is the measure? On principle, the landlord who is paid by the tenant to make repairs

that he is not otherwise under obligation to make should be held to exactly the same liability that a stranger-contractor would incur. Damages for personal injuries resulting from the mere continuance of obvious defects, such as existed here, and which the tenant has contracted to have repaired, are not recoverable from the contractor. They are deemed to be too remote, and not within the contemplation of the parties at the time the contract was made. The injury is attributable to the tenant's want of care in the use of the property rather than to the contractor's breach. *Hendry* v. *Squier,* 126 Ind. 19, 9 L. R. A. 798; *Feary* v. *Hamilton,* 140 Ind. 45, and authorities cited on page 53; *Hamilton* v. *Feary,* 8 Ind. App. 615, 52 Am. St. 485. Notes to *Hines* v. *Willcox* (Tenn.), 34 L. R. A. 830, 33 S. W. 914. There was no error in sustaining the demurrers.

Appellant claims that the action of the court was erroneous because the demurrer for want of jurisdiction was not well founded, and because other demurrers were improperly drafted. A judgment will not be reversed for such reasons, if the pleading demurred to is in fact bad. *Bollman* v. *Gemmill, ante,* 33.

Judgment affirmed.