ANDERSON DRIVE-IN THEATRE, INC. *v.*
KIRKPATRICK, ET AL.

[No. 18,381.  Filed February 20, 1953.  Rehearing denied
March 12, 1953.  Transfer denied April 9, 1953.]

*Pence, O'Neill & Diven, O'Neill, Scott & Schrenker,* all of Anderson, *Dan C. Flanagan,* and *James P. Murphy,* both of Fort Wayne, for appellant.

*Busby, Davisson & Cooper,* of Anderson, for appellees.

ROYSE, C. J.—Appellees brought this action against appellant for rent under the terms of a twenty-five year lease of real estate owned by appellees. The complaint was in the usual form. Appellant answered by a denial of the allegations of each rhetorical paragraph of the complaint. It also filed an amended second paragraph of answer and cross-complaint. Appellees' demurrer to that answer and cross-complaint was sustained. That ruling is the sole question presented by this appeal.

The lease which is the subject of this action provided the real estate was to be used for the construction and operation of a drive-in theatre and for any other lawful purpose not in competition with any business operated by a trailer camp situated immediately east of the leased property. The lease *made no warranty as to the suitability of the land for the purpose which appellant intended to use it.*

The material averments of the second amended paragraph of answer and cross-complaint may be summarized as follows: That appellees were farmers, and for a long time had been engaged in the cultivation of the land leased, and were possessed of full, accurate and complete knowledge of the future use of the land to be made by appellant; that appellees knew that appellant did not have knowledge of the nature and character of

the land and depended upon representations of appellees that the said land was suitable for the purpose for which leased; that the land was either boggy or wet or muck ground; that it gave an outward appearance of being ordinary ground; but it would not carry or bear the weight of many tons of buildings and equipment necessary for appellant's purpose; that appellees knew that the surface of the land leased was soft and yielding, and that the weight of the necessary buildings and equipment for such outdoor theatre could not be borne by the land; that appellees, by the lease, warranted, either expressly or impliedly, that said land would be suitable for the purposes intended; that appellees, knowing the land was not fit and suitable for appellant's purposes, failed and neglected to give appellant the true facts as to the condition of said land, but purposely and knowingly either misrepresented the nature of said land or failed to reveal that the land was unsuitable for appellant's purposes; that after the lease was signed, appellant employed skilled and experienced persons to test the said land, and thereby learned that the land was entirely unfit for such purposes, and that appellees had concealed the fact that the land was unfit for appellant's purposes; that appellees knew that appellant did not know of the true character of the land, and that the only information appellant had about the character of the land was as described in the lease executed by both parties; that appellees knew that appellant would not execute the lease if the true facts as to the nature of the land were revealed to it.

The demurrer was on the grounds that the said answer and cross-complaint did not state facts sufficient to constitute an affirmative answer or cross-complaint against appellees.

In the memorandum to their demurrer appellees, in substance, asserted it is the law that because a lease designates the use to which the premises are to be put it does not imply that the premises are suitable or fit for the use intended; that in such matters the rule of *caveat emptor* applies; that nowhere in the written lease is there any warranty that the land was suitable for appellant's use; that any verbal representation made by appellees could not be claimed to vary the terms of the written agreement; that the cross-complaint avers after the execution of the lease appellant employed skilled and experienced persons to test the land to ascertain whether or not it would bear the weight of the buildings for its special use; that such allegation shows appellant was going to use the premises for a particular and special use with which it was familiar, but of which appellees had no knowledge, and it further shows appellant had the means and opportunity to have examined and tested the land prior to the execution of the lease.

Appellant contends its second paragraph of answer and cross-complaint alleges facts disclosing fraud which would vitiate the lease. In support of this contention it asserts its answer avers facts which show latent defects in the land which it was the duty of appellees to disclose to it.

In 51 C. J. S. (Landlord and Tenant), p. 964, §304, it is stated:

"There is, as a general rule, no implied covenant on the part of the landlord that the demised premises are fit for the purposes for which they are rented or for the particular use for which they are intended by the tenant, as for the lessee's business, or that they comply with the requirements of public regulatory bodies, or that they shall continue fit for the purpose for which they were demised, and this is true, although the landlord knows

the purpose for which the tenant intends to use the premises. In the absence of an express warranty or fraud, the rule of caveat emptor applies and the tenant is under a duty to investigate in order to determine the adaptability of the premises to the purposes for which they have been rented. It has been said, however, that an exception arises where there are concealed defects known to the landlord and not subject to disclosure by the tenant's examination, as where the landlord makes false representations concerning matters peculiarly within his own knowledge, and that the rule of caveat emptor does not apply as against the tenant where the landlord fraudulently represents the premises to be suitable for the tenant's use, although they contain latent defects rendering them unsuitable, which are unknown to the tenant. In this connection, however, it has been held that the landlord at the time of renting the premises need not exercise care to discover and inform the tenant of hidden defects."

In its brief appellant construes the foregoing to mean the landlord owes a duty to the tenant to disclose latent defects known to him and neither known to the tenant or reasonably discoverable by him.

The answer and cross-complaint herein do not allege appellees made any statements as to the nature of the land. They do not allege the defects were not reasonably discoverable. On the other hand it avers that after the execution of the lease it caused tests of the land to be made and thereby discovered its unsuitability. There are no averments that appellants did not have an opportunity to inspect the land or to make such tests before executing the lease.

A purchaser of property has no right to rely upon the representations of the vendor of the property as to its quality, where he has a reasonable opportunity of examining the property and judging for himself as to its qualities. *Shepard* v. *Goben* (1895), 142 Ind. 318, 39 N. E. 506.

There is no implied warranty that leased premises are fit for the purposes for which they are let. When an action is based on fraudulent concealment, a duty to disclose the truth must be shown. The rule of caveat emptor applies in the relation of landlord and tenant unless material representations constituting fraud are specifically alleged, or there is a showing of a fiduciary relationship between the parties. *Lucas* v. *Coulter et al.* (1885), 104 Ind. 81, 3 N. E. 622; *Hanson* v. *Cruse et al.* (1900), 155 Ind. 176, 57 N. E. 904; *Barnett v. Clark*, (1916), 225 Mass. 185, 114 N. E. 317; *Rotte* v. *Meierjohan* (1946), 78 Ohio App. 387, 70 N. E. 2d 684; *Swinton* v. *Whitinsville Sav. Bank* (1942), 311 Mass. 677, 42 N. E. 2d 808. In the last cited case the Supreme Judicial Court of Massachusetts stated the material allegations of the declaration in the following language:

> "The declaration alleges that on or about September 12, 1938, the defendant sold the plaintiff a house in Newton to be occupied by the plaintiff and his family as a dwelling; that at the time of the sale the house 'was infested with termites, an insect that is most dangerous and destructive to buildings'; that the defendant knew the house was so infested; that the plaintiff could not readily observe this condition upon inspection; that 'knowing the internal destruction that these insects were creating in said house', the defendant falsely and fraudulently concealed from the plaintiff its true condition; that the plaintiff at the time of his purchase had no knowledge of the termites, exercised due care thereafter, and learned of them about August 30, 1940;"

In affirming the action of the trial court in sustaining a demurrer, the court said:

> "There is no allegation of any false statement or representation, or of the uttering of a half truth which may be tantamount to a falsehood. There is no intimation that the defendant by any means prevented the plaintiff from acquiring

information as to the condition of the house. There is nothing to show any fiduciary relation between the parties, or that the plaintiff stood in a position of confidence toward or dependence upon the defendant. So far as appears the parties made a business deal at arm's length. The charge is concealment and nothing more; and it is concealment in the simple sense of mere failure to reveal, with nothing to show any peculiar duty to speak. The characterization of the concealment as false and fraudulent of course adds nothing in the absence of further allegations of fact. (Authority)

"If this defendant is liable on this declaration every seller is liable who fails to disclose any nonapparent defect known to him in the subject of the sale which materially reduces its value and which the buyer fails to discover. Similarly it would seem that every buyer would be liable who fails to disclose any nonapparent virtue known to him in the subject of the purchase which materially enhances its value and of which the seller is ignorant. (Authority). The law has not yet, we believe, reached the point of imposing upon the frailties of human nature a standard so idealistic as this."

Based on the authorities referred to herein, we are of the opinion the trial court properly sustained the demurrer to the second amended answer and cross-complaint.

Judgment affirmed.

Kelley and Achor, J. J., not participating.

NOTE.—Reported in 110 N. E. 2d 506.