TUDOR V. HEUGEL ET AL.

[No. 19,406. Filed December 13, 1961.]

*John D. Clouse*, of Evansville, for appellant.

*Isadore J. Fine, Joe S. Hatfield, Charles H. Sparrenberger, Eugene P. Fine, Fine, Hatfield, Sparrenberger & Fine*, and *Edward E. Meyer*, of counsel, all of Evansville, for appellee Stan Heugel.

*Herman L. McCray, McCray & Clark* and *William E. Statham*, all of Evansville, for appellees Mobley.

RYAN, C. J.—This was an action brought by the appellant against the appellees to recover damages resulting from an alleged breach of an implied warranty in the sale of real estate. The assignment of error is the sustaining of demurrers filed by the appellees.

The complaint alleges:

". . . That the plaintiff made known to said defendants the particular purpose for which she required said dwelling house and real estate; As a home in which to live. That at said time and place said defendants impliedly warranted that said dwelling house was reasonably fit for the purpose for which plaintiff required it, and plaintiff, relying on said defendants' skill and judgment, especially the skill and judgment of the defendant Stan Heugel as a licensed realtor, about the condition of said dwelling house, and upon plaintiff's inspection discovering no apparent or patent defects therein, on the 28th day of August, 1957, plaintiff did purchase said dwelling house and real estate, fully paying the purchase therefor."

That upon moving into the house appellant discovered numerous defects, i.e., the heating plant was inadequate, the fireplace smoked, the paint chipped and peeled within two (2) months, the guttering and draining system was defective and inadequate, and the roof of the carport leaks.

And further:

"That when plaintiff purchased said dwelling house it was a newly constructed house, and not previously occupied. That plaintiff inspected it thoroughly and discovered none of the above named defects. That plaintiff knew said house to be new, and because she relied on the skill and judgment of the defendant Stan Heugel, whom she well knew to be a licensed realtor, she did not ask for express statements or warranties from him, but relied on the implied warranties aforesaid. That at said time and place the defendant Stan Heugel was acting as agent for the defendants Mobley, as aforesaid.

"That the existence of said defects aforesaid in said dwelling house constitute a breach of the implied warranty of these defendants that said dwelling house was reasonably suited for the purpose for which it was sold, to-wit: A dwelling house for human habitation."

Appellees filed a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action. Upon the sustaining of these demurrers, appellant refused to plead over and judgment was rendered for appellees. Appellant now assigns as error the sustaining of the demurrers of appellees Stan Heugel and Richard and Margaret Mobley.

Both parties submit that the primary question presented to us and which we are to decide, is whether or not there is an implied warranty in the sale of real property if the vendee has had an opportunity to inspect that which is being sold.

The appellant freely admits that we are presented with a legal question which heretofore has not been squarely presented for decision in this state, and that to decide for the appellant the court must extend the principles of the common law by using the precedents that exist, and making an excursion to a new precedent "that fits more harmoniously into the map of today's social geography."

It should be noted that the complaint does not allege that any express warranties were made by either of the defendants nor does it allege that any fraudulent representations were made. The complaint also admits that the

". . . plaintiff inspected it thoroughly and discovered none of the above named defects. That plaintiff knew said house to be new, and because she relied on the skill and judgment of the defendant Stan Heugel, whom she well knew to be a licensed realtor, she did not ask for express statements or warranties from him, but relied on the implied warranties aforesaid."

In *Shepard* v. *Goben* (1895), 142 Ind. 318, 39 N. E. 506, the court upheld an instruction that:

"A purchaser of property has no right to rely upon the representations of the vendor, or seller of the property as to its quality, where he has a reasonable opportunity of examining the property, and judging for himself as to its qualities."

thus applying the doctrine of caveat emptor to a situation where direct representations were made by the vendor.

In the *Shepard* case, *supra,* the court cited as authority the case of *Cagney* v. *Cuson* (1881), 77 Ind. 494, where the court stated at page 497:

"The complaint in this case shows that the appellee had a suitable opportunity of examining both the lands and the personal property which he obtained by exchange from the appellant, and no sufficient reason is alleged for his failure to embrace that opportunity."

It should be noted that the *Cagney* case, *supra,* goes so far as to apply the doctrine of caveat emptor even to fraudulent representations, and states at page 497:

"As to fradulent representations operating as an inducement to the sale or exchange of property, the following propositions are deducible from the authorities:

"First. That the purchaser has no right to rely upon the representations of the vendor as to the quality of the property, where he has a reasonable opportunity of examining the property and judging for himself as to its qualities."

These doctrines were approved by this court in the case of *Anderson Drive-In Theatre* v. *Kirkpatrick* (1953), 123 Ind. App. 388, 110 N. E. 2d 506, at 123 Ind. App. page 392, 110 N. E. 2d page 508, where we stated:

"A purchaser of property has no right to rely upon the representations of the vendor of the property as to its quality, where he has a reasonable opportunity of examining the property and judging for himself as to its qualities. *Shepard* v. *Goben* (1895), 142 Ind. 318, 39 N. E. 506."

We see no reason why the same doctrine should not be applied to this particular case. There is no allegation of any false statements or representations or the uttering of half-truths which could be construed as tantamount to a falsehood. Nor does the complaint allege that the appellant was prevented by the appellees from acquiring any and all necessary information as to the condition of the house. So far as we can determine from the complaint it appears that the parties made a business deal at arms length. Nor does the complaint establish a fiduciary relationship between either the appellant and the appellee Heugel, or between the appellant and the appellees Mobley. Further, as to appellee Heugel, the rule in Indiana is that where a person is known to be contracting as an agent of another, who is known to be the principal, the contract, if within the authority which is granted to the

agent, does not bind the agent personally but only binds the principal. *Hawkins* v. *Dorst Co.* (1917), 186 Ind. 430, 116 N. E. 577. See I. L. E. Agency §70, and cases cited.

The complaint admits that the appellant knew the appellee Heugel was acting as agent for the appellees Mobley, and thus the Mobleys were a disclosed principal in the case. The court therefore properly sustained the demurrer as to appellee Heugel.

It should also be noted that a similar problem has arisen in other states. The case of *Steiber* v. *Palumbo* (1959), 219 Ore. 479, 347 P. 2d 978, 78 ALR 2d 440, and the annotation thereof, lends further authority to the conclusion we have reached.

Appellant's argument, while ingenious, is not persuasive enough under the doctrines enumerated, to cause us to journey further into a harmonious remaking of the map of today's social geography.

Judgment affirmed.

Ax, Cooper and Myers, JJ., concur.

NOTE.—Reported in 178 N. E. 2d 442.