Jerry M. PENNYCUFF, Michael Hickerson, Paul W. Everman, II and Michael Stivers, Appellants (Defendants Below),

v.

Paul L. FETTER and Claudia A. Fetter, Appellees (Plaintiffs Below).

No. 1–580A125.

Court of Appeals of Indiana.

Sept. 17, 1980.

Rehearing Denied Oct. 23, 1980.

Ralph E. Randall, Hays & Randall, Scottsburg, for appellants.

Herbert F. Naville, New Albany, for appellees.

ROBERTSON, Presiding Judge.

Defendants-appellants, a partnership of four individuals (partnership), appeal a $2,801.46 judgment awarded to the plaintiffs-appellees, Paul and Claudia Fetter (Fetters), on their claim based on a real estate transaction.

We reverse.

The facts most favorable to the judgment show that the partnership owned the Colonial Club swimming pool and club house, a commercial property built in 1931. It appears the partnership had owned the Club but a short time. On November 14, 1978, the partnership had the water to the property turned off for the winter. The partnership negligently failed to properly drain the pipes servicing the pool, but were unaware they had done so.

In the middle of February, 1979, the Fetters entered into negotiations with the partnership to purchase the Club. An offer by the Fetters containing guarantees of quality was rejected. A simple offer containing only the financing terms was accepted. The Fetters requested and received assurances that the pool was basically in good enough shape for opening in the spring. The purchase was consummated and upon turning the water on in the spring, it was discovered that various pipes had burst during the winter due to improper draining.

Suit was brought based on implied and express warranties and representations. The trial court, without intervention of a jury, awarded the amount of repairs in a general verdict.

 Contrary to the Fetters' assumptions in their brief, this is not a sale of goods under the Uniform Commercial Code; it is rather a sale of real estate with improvements. Further, this is not a sale of a home by a builder–vendor. Therefore, there are no implied warranties possible in this transaction, and any cause of action must be based on the oral representations made by the partnership that the pool was ready to open in the spring.

It is well settled that:

A purchaser of property has no right to rely upon the representations of the vendor of the property as to its quality, where he has a reasonable opportunity of examining the property and judging for himself as to its qualities.

*Anderson Drive–In Theatre, Inc. v. Kirkpatrick*, (1953) 123 Ind.App. 388, 392, 110 N.E.2d 506, 508. *See also Cagney v. Cuson*, (1881) 77 Ind. 494. Thus, the rule of *caveat emptor* still applies in this kind of transaction. But:

The rule is otherwise, however, if the representations are not merely opinions or estimates as to the value and character of the property, but representations of some material fact, and the avenues of inquiry are not open to the purchaser, as where a party buys from or exchanges with another real estate, and that received by the vendee is situate in another state, at a considerable distance away, as in the present case. Under such circumstances, if false representations are actually made as to the location of the land, the character of the improvements, the nature and quantity of crops produced upon it in the past, and the consequent value of the land, such representations will be material, and, if made with a knowledge of their falsity, and with the intention of being acted upon by the other party, and if relied upon by the purchaser, or the one sustaining that relation, and the latter is deceived, and sustains damage thereby, he can maintain an action therefor.

*Bolds v. Woods*, (1894) 9 Ind.App. 657, 664, 36 N.E. 933, 935. Essentially, then, the plaintiff–purchaser must make out a case of fraud. *See also Grissom v. Moran*, (1972) 154 Ind.App. 419, 290 N.E.2d 119.

There is no doubt that here the Fetters did not have an opportunity to inspect as to the condition or operation of the pool due to the winter season and because the water was turned off. The partnership did make a representation of fact that the pool was in working order. The Fetters did rely on this representation, which turned out to be false, and they were damaged thereby.

The crucial element of scienter, or knowledge, by the partnership of the falsity of their representation, however, is totally missing from this case. The evidence most favorable to the Fetters shows that the partnership negligently failed to properly drain the pipes which in turn caused them to burst. There is, however, absolutely no evidence that the partnership knew, during the sale negotiations, of their negligence or that the pipes had burst, if indeed they were at that time. What was not open to observation to the Fetters, was not open to the partnership.

We, therefore, reverse and remand for further proceedings not inconsistent with this opinion.

NEAL and RATLIFF, JJ., concur.