Caspar *v.* Jamison *et al.*

Filed Sept. 18, 1889.

◆

No. 13,277.

## CASPAR *v.* JAMISON ET AL.

REAL ESTATE.—*Action to Recover.*—*Defendant Admits Possession by Pleading.*—Where, in an action to recover possession of real estate, the defendant appears and files a general denial, he thereby admits that he has possession of the entire tract in controversy.

SAME.—*Conflicting Descriptions.*— *Which is Controlling.*—*Quieting Title.*—*Survey.*—*Monuments.*—*Showing Location by Parol.*—In an action to quiet title, the court, in pursuance of a survey made by its order, found that the plaintiff was the owner of, and gave judgment quieting title to, one hundred and fifty acres of land, to be taken off the south side of a certain fractional section in a given township and range, its full length from east to west, and wide enough north and south to include one hundred and fifty acres; this description was followed by courses and distances purporting to describe said one hundred and fifty acres, but in fact describing less than half that quantity of land. In an action by the same plaintiff against the same defendants to recover possession of the land,

*Held,* that as the description first given is complete and reliable, and describes the quantity of land which the plaintiff was adjudged to own, it controls the subsequent description by courses and distances.

*Held,* also, that for the purpose of showing a mistake in the latter descrip-

tion, parol evidence was admissible to show the location of the stakes planted by the surveyor, where they can not be found.

From the Washington Circuit Court.

*S. B. Voyles, H. Morris* and *W. K. Marshall,* for appellant.

*J. A. Zaring, M. B. Hottel, D. M. Alspaugh* and *J. C. Lawler,* for appellees.

BERKSHIRE, J.—This is an action brought by the appellant against the appellees to recover the possession of real property.

The answer was but a general denial. The case was tried by a jury and the following verdict returned in favor of the appellees:

" We, the jury, find for the defendants," and, over a motion for a new trial, the court rendered the following judgment: " It is, therefore, considered by the court that the defendants go hence without day, and recover of the plaintiff their costs by them about their defence in this suit expended."

The following description of the real estate is given in the complaint: " One hundred and fifty acres of land to be taken off of the south side of fractional section fourteen (14), township four (4) north, of range three (3) east, to be taken the full length of said fractional section from the east side thereof to the Driftwood fork of White river, and wide enough north and south to include one hundred and fifty acres, the northwest corner of said tract being indicated by a stake as a monument in a survey made by R. M. J. Cox in the year 1882, which monument was placed on the east bank of said river; the northeast corner of said tract being designated by a stake placed on the east line of said fractional section by said Cox in making said survey ; the south boundary of said land being the south line of said fractional section," in Jackson county, State of Indiana.

There are three reasons assigned in the motion for a new

trial, the first two of which are all that we care to consider. These are: 1. The verdict of the jury is not sustained by sufficient evidence. 2. The verdict of the jury is contrary to law.

That the appellant was the owner and entitled to the possession of a part of the real estate described in her complaint was not controverted on the trial. The general denial which the appellees filed admitted their possession of the entire real estate. R. S. 1881, section 1056; *Voltz* v. *Newbert*, 17 Ind. 187; *Rucker* v. *Steelman*, 73 Ind. 396; *Applegate* v. *Doe*, 2 Ind. 169; *Carver* v. *Carver*, 97 Ind. 497.

To the extent to which the appellant's title and right of possession were not controverted, there is no question as to her right of recovery; as the appellant was entitled to a recovery as to a part, if not as to the whole of said real estate, the verdict was not sustained by sufficient evidence, and was contrary to law, and a new trial should have been granted.

But does not the evidence show that the appellant was the owner and entitled to the possession of all of the real estate described in her complaint?

For the September term, 1882, of the Jackson Circuit Court the appellant commenced her action against the appellees to quiet her title to certain real estate therein described. Afterwards, and at the said term, by order of the court, and upon the application of the appellant, one R. M. J. Cox was ordered to make a survey of the following real estate, to wit: "One hundred and fifty acres off of the south side of fractional section 14, township 4 north, of range 3 east, to be taken the full length of said fractional section from the east side of said fractional section to the Driftwood fork of White river, and wide enough north and south to make and include said 150 acres in said fractional section."

Afterwards the said Cox made a survey of the said real estate, and made his report to the court, which was accepted and acted upon by the court, and the following finding and judgment rendered:

"I find that the plaintiff, Sarah E. Caspar, is the owner in fee simple of one hundred and fifty acres of land, situated in Jackson county, Indiana, to be taken off of the south side of fractional section fourteen, township four north, of range three east, to be taken the full length of said fractional section fourteen, township four north, of range three east, to be taken the full length of said fractional section from the east side thereof to Driftwood fork of White river, wide enough north and south to include one hundred and fifty acres; and said one hundred and fifty acres is bounded by a line beginning at the southeast corner of said fractional section fourteen, and running thence south 88° west, along the south line of said fractional section to the confluence of the Muscatatuck river and the Driftwood fork of White river, thence up said Driftwood fork of White river, with the meanderings thereof, to a stake placed as a monument by R. M. J. Cox, surveyor, at a point nine and one-third chains north of the south line of said fractional section fourteen; thence north 88° east, parallel with the south line of said fractional section, fifty-three and $\frac{4}{100}$ chains to a stake in the east line of said fractional section; thence south $3\frac{1}{2}$° east, along the east line of said fractional section, nine and one-third chains to the place of beginning, at the southeast corner of said fractional section. I also find that the claim of the defendants, Charles Jamison and George Pugh, or either of them, to said one hundred and fifty acres of land above described, or any part thereof, is unfounded and without right, and is a cloud on plaintiff's title thereto, and that said cloud ought to be removed, and the plaintiff's title to said one hundred and fifty acres ought to be forever and perpetually quieted as against said defendants and each of them, and as against all other persons claiming title or right to said land or any part thereof, by, or through, or under said defendants, or either of them."

And upon its said finding the court rendered the following judgment:

"It is therefore ordered and decreed by the court that plaintiff's title in fee simple be and the same is hereby forever quieted and set at rest as against the defendants, and each of them, and against all persons claiming through or under them, as to the one hundred and fifty acres hereinbefore mentioned and referred to, which land is situated in Jackson county, Indiana. It is further considered by the court that the plaintiff do recover of defendants all her costs and charges herein laid out and expended."

It is evident that the courses and distances as given do not bound a tract of land containing one hundred and fifty acres, but a tract of land containing less than half that number of acres. There are really two descriptions contained in the finding and judgment of the court: 1. "One hundred and fifty acres of land situated in Jackson county, Indiana, to be taken off of the south side of fractional section fourteen, township four north, of range three east, to be taken the full length of said fractional section fourteen, township four north, of range three east, to be taken the full length of said fractional section from the east side thereof to Driftwood fork of White river, wide enough north and south to include one hundred and fifty acres." 2. "And said one hundred and fifty acres is bounded by a line beginning at the southeast corner of said fractional section fourteen, and running thence south 88° west, along the south line of said fractional section, to the confluence of the Muscatatuck river and the Driftwood fork of White river, thence up said Driftwood fork of White river, with the meanderings thereof, to a stake placed as a monument by R. M. J. Cox, surveyor, at a point nine and one-third chains north of the south line of said fractional section fourteen, thence north 88° east, parallel with the south line of said fractional section, fifty-three and $\frac{4}{100}$ chains to a stake in the east line of said fractional section, thence south $3\frac{1}{2}$° east, along the east line of said fractional section, nine and one-third chains to the place of beginning, at the southeast corner of said fractional section."

The first description is a complete and perfect description, and it contains the number of acres named in the finding and judgment as belonging to the plaintiff; the second description is also a perfect description, but it does not contain half the number of acres which it purports to describe.

When we look through the record in this case and especially the order for the survey preceding the finding and judgment of the court, we find that the object and purpose of the survey was to ascertain and describe one hundred and fifty acres of land on the south side of the section, extending from the east line of the section west to the Driftwood fork of White river, and in looking through the record we are forced to the conclusion that the appellant was the owner of one hundred and fifty acres of land on the south side of said section as stated above, and that the court intended by its judgment to quiet her title thereto.

It is a well settled rule of construction applied to decrees or conveyances, where, either in whole or in part, the real estate is described by two different descriptions which can not be reconciled, to give preference to that description which is the most certain and reliable; for instance, monuments will control course and distance. The rule is thus declared in the elementary works on real property. *Ayers* v. *Watson*, 113 U. S. 594, 608 ; *Maguire* v. *Bissell*, 119 Ind. 345 ; *Simonton* v. *Thompson*, 55 Ind. 87 ; *City of Evansville* v. *Page*, 23 Ind. 525 ; *Hedge* v. *Sims*, 29 Ind. 574 ; *Wingler* v. *Simpson*, 93 Ind. 204.

The first description found in the finding and decree of the court is a description about which there can be no mistake. It would be difficult to give a more certain and reliable description of one hundred and fifty acres of land and its location, unless possibly a description controlled by well ascertained and permanent monuments, while there is always room for mistakes as to courses and distances. We are of the opinion that the first description given should control in this case (1) because of the fact that it was evidently the in-

tention of the court to find and adjudge that the plaintiff was the owner of one hundred and fifty acres of land and to quiet her title thereto ; (2) because the first description covers one hundred and fifty acres of land, and the second description not the one-half of that quantity ; and (3) because the first description is certain and reliable, while the second description is open to mistake. But the evidence shows that there was in fact a mistake in the second description : 1. It purports to contain one hundred and fifty acres of land, but contains in fact less than one-half of that number of acres. 2. The intention of the court was to quiet title to one hundred and fifty acres of land, but if the latter description prevails the appellant's title was quieted to less than one-half of that number of acres. 3. The surveyor and others testify that the stakes referred to were planted nineteen and one-third chains from the south line of the section, and not nine and one-third chains north of the south line of the section, as shown in his report and in the decree of the court ; and that nineteen and one-third chains north from the south line would include within the description one hundred and fifty acres.

The stakes, wherever they were, if standing, would control the distances, but they were not to be found. It is objected that parol evidence was not allowable to prove where the stakes were planted. Why not? If the stakes were present their identity could certainly be established by parol evidence, and for the same reasons the place of their location might be shown by the same character of evidence. The evidence was clearly competent, not only for the purpose of controlling the distances by the monuments, but for the purpose of strengthening the position that the first description should be regarded as the true description. There was no conflict, we think, in the evidence as to where Cox planted the stakes. Our construction of the judgment in the action to quiet title is, that the first description is the true description, and that the judgment quieted the title of the appellant

to one hundred and fifty acres of land as therein described. *Wingler* v. *Simpson, supra; Hedge* v. *Sims, supra.*

The judgment is reversed, with costs, and the court is instructed to grant a new trial, and to proceed in accordance with this opinion.

Filed May 18, 1889; petition for a rehearing overruled Sept. 25, 1889.