Richwine *et ux. v.* Jones.

No. 17,060.

RICHWINE ET UX. *v.* JONES.

RECORD.—*Clerk's Certificate, When Insufficient.—Bill of Exceptions.— Reporter's Longhand Manuscript.*—Where a clerk's certificate shows that the "transcript contains complete copies of all the papers and entries in said cause, and, also, the original longhand manuscript of the evidence made by the reporter," the bill of exceptions is not shown to be in the record. The certificate of the clerk should show the filing of the bill of exceptions, and also of the longhand manuscript of the evidence, and that the same is embodied in the bill of exceptions.

REAL ESTATE.—*Deed.—Quantity, Boundary Lines, Monuments.—Precedence of.*—In a deed of conveyance of land, quantity will give way to boundary lines, and boundary lines will give way to fixed and visible monuments.

From the Hamilton Circuit Court.

*J. A. Roberts* and *M. Vestal,* for appellants.

*T. J. Kane* and *R. K. Kane,* for appellee.

HOWARD, J.—This was an action brought by appellee to reform deeds and to quiet title to real estate.

Appellants were at first defaulted and judgment was rendered for appellee as prayed for.

Afterwards the default was set aside, and the appellants answered. There was a change of venue from the regular judge, and the cause was submitted to a special judge who made a finding and entered judgment, as before, for appellee.

After the overruling of a motion for a new trial for cause, and the granting of an appeal to this court, a motion was made for a new trial as of right.

A new trial as of right having been awarded, the honorable judge below was called to try the cause, which was thereupon submitted to the court. That trial also

resulted in a finding and decree for the appellee, and this appeal followed, after the overruling of a motion for a new trial.

The only error assigned is the overruling of the motion for a new trial.

Counsel for appellee first contend that the bill of exceptions is not properly in the record for failure of a sufficient certificate by the clerk.

The clerk's certificate shows that the "transcript contains complete copies of all the papers and entries in said cause, and also the original longhand manuscript of the evidence made by the reporter." Nothing is said as to a bill of exceptions. It would seem that the certificate is defective.

There ought to be a record entry showing the filing of the bill of exceptions, also the filing of the longhand manuscript and that the same is embodied in the bill of exceptions; or, at the least, the certificate of the clerk should show such filings and the incorporation of the manuscript in the bill. It is an error to treat the longhand manuscript itself as a bill of exceptions. *Marshall* v. *State, ex rel.*, 107 Ind. 173; *Fahlor* v. *State*, 108 Ind. 387; *Wagoner* v. *Wilson*, 108 Ind. 210.

We are of opinion, moreover, that if we were to consider the evidence as set out in the transcript, we should find nothing therein sufficient to require a reversal of this case.

The appellant, who had for over a year resided in the near neighborhood, purchased the lot in question, after negotiating for the same during a period of two or three weeks previous. The lot, upon which there was a house, was enclosed by a fence which had been erected for several years. The appellant intended to purchase, and his grantor intended to sell, the lot within the fence lines. His grantor had purchased the house and lot, enclosed

Richwine *et ux. v.* Jones.

by the same fence, from appellee. None of the parties, either in the sale from appellee to appellant's grantor, or in the sale from said grantor to appellant, thought of purchasing or selling any land but that within the fence lines.

All the parties were, however, mistaken as to the actual dimensions of the lot. On the first sale, there was a rude measurement made by a pole supposed to be fourteen feet in length. This measurement showed the lot to be 149 feet in length by 118 feed in width, and these dimensions were inserted in both deeds. Afterwards an accurate survey showed the lot to be 137 feet and eight inches long by 103 feet wide. The land was not, however, sold by the foot or by any other definite quantity, but the lot was sold as it stood, with its fence in place, and no possession of any land outside the fence was ever taken or claimed until the bringing of this suit.

The quantity of land named in a deed does not necessarily control. Quantity will give way to boundary lines, and boundary lines themselves will give way to fixed and visible monuments. *Silver Creek, etc., Corporation* v. *Union Lime, etc., Co.*, 138 Ind. 297.

The fences, the visible monuments within which possession was taken, here control. If the land had been sold by the front foot, it would be different, and the cases cited by appellant would be in point.

The judgment is affirmed.

Filed Jan. 8, 1895.