## McKNIGHT v. KINGSLEY ET AL.

[No. 7,069.   Filed October 27, 1910.   Rehearing denied December 30, 1910.   Transfer denied June 30, 1911.]

1. TRUSTS. — *Express.—Creation of, by Parol.—Executed.*—The rule that an express trust in land cannot be created by parol has no application where the alleged express trust has already been executed.   p. 376.

2. FRAUDULENT CONVEYANCES.—*Consideration.—Marriage.—Creditors.—Answers.—Partial.*—In a suit by a creditor to set aside an alleged fraudulent conveyance made by defendant husband to his wife, an answer in bar of the cause of action that the fee of such land was conveyed to the wife, subject to a life estate in the husband, in consideration of marriage and that such marriage had been accordingly consummated, is bad, because, at the time of such conveyance the husband owned a life estate in such land, such interest being subject to the demands of creditors.   p. 376.

3. FRAUDULENT CONVEYANCES.—*Intent.—Equitable Rights.—Notice of Creditor's Claim.—Evidence.*—Evidence that the defendant wife before marriage entered into a contract with the defendant husband whereby she should receive his property in consideration of her marriage to him and of caring for him during his

sickness, such wife having no knowledge of any claims against him, sustains a judgment for her in a suit to set aside the conveyance so made to her, though at the time the conveyance was actually made she knew of the plaintiff's claim, and though she testified that the conveyance was made to prevent the plaintiff from obtaining the property. p. 376.

4. WITNESSES.—*Competency.*—*Default Judgment.*—*Husband and Wife.*—*Fraudulent Conveyances.*—In a suit to set aside an alleged fraudulent conveyance made by a husband to his wife, such husband and the trustee through whom the transfer was made are competent witnesses in behalf of such wife, though a default judgment was taken against such husband. p. 378.

5. APPEAL.—*Defective Answer.*—*Harmless Error.*—The overruling of a demurrer to a defective paragraph of answer does not constitute harmful error, where the special findings show that the case was correctly decided on the merits. p. 378.

From Harrison Circuit Court; *C. W. Cook,* Judge.

Suit by Ada McKnight against Alexander Kingsley and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*L. A. Douglass* and *H. H. Richard,* for appellant.
*William Ridley,* for appellees.

COMSTOCK, C. J.—Appellant brought this action against appellees to set aside a fraudulent conveyance of real estate from appellee Alexander Kingsley to his wife, Mary C. Kingsley, and against appellee Clara Melton to set aside a fraudulent mortgage to her, and against appellee Corydon National Bank to declare the priority of a judgment against Alexander Kingsley, obtained by appellant for breach of a marriage contract.

Appellee Mary C. Kingsley answered in two paragraphs, the first, a general denial. The second, in substance, alleged that on the — day of ———, 1905, her codefendant was the equitable owner of the real estate described in plaintiff's complaint, and that John Kaga held the legal title thereto; that on said date defendant Mary C. Kingsley and her codefendant, Alexander Kingsley, were both unmarried, and her said codefendant had been for a long time, and was

then, sick and disabled, and wanted said defendant, who was formerly his wife, but was divorced from him, to nurse and wait on him in his sick and enfeebled condition, and agreed with said defendant that if she would marry him he would have said John Kaga to convey said real estate to him (Alexander Kingsley) during his life, and at his death to said defendant; that, in consideration of the agreement of her codefendant to have said real estate conveyed to her during his life, and at his death to her in fee simple, she and her said codefendant, Alexander Kingsley, were on the — day of ——, 1905, duly married; that afterwards, on March 14, 1905, in compliance with his said agreement, defendant Alexander Kingsley caused said John Kaga and Mary J. Kaga, his wife, to convey by their deed of that date, to Alexander Kingsley, during his natural life, and at his death to said defendant, the real estate described in the complaint, which said deed was duly recorded on March 23, 1906; that during her former marriage with said Alexander Kingsley she let him have $150 of her separate funds, to be applied in part payment for said real estate described in plaintiff's complaint; that during said defendant's sickness he had incurred an indebtedness on account thereof of about $150, and had no means or property with which to pay said indebtedness except his said life estate in said real estate; that he agreed with defendant Mary C. Kingsley, that if she would join him in the conveyance of said real estate to a trustee who would convey it to him, and then join in a mortgage on said real estate to secure a loan of $150, to pay his said indebtedness, he would, after said loan had been procured, reconvey to her, this defendant, the whole of said real estate in fee simple; that afterwards, in consideration of the agreement of her said codefendant to reconvey said real estate to her in fee simple this defendant, on the — day of ——, 1905, joined her said husband in a conveyance of said real estate to Clara Melton, who was selected, by agreement, to act as trustee to reconvey said real

estate to said Kingsleys, and thereupon, in pursuance of said agreement, on the same date said Clara Melton by her deed conveyed said real estate to defendant Alexander Kingsley; that said defendant procured a loan of $150 from defendant Corydon National Bank, and to secure said loan he and defendant Mary C. Kingsley executed a mortgage on said real estate, which is the same mortgage mentioned in plaintiff's complaint, and said loan was procured for the purpose of, and the amount thereof was used in, paying the indebtedness incurred by defendant Alexander Kingsley during his said sickness; that afterwards, on August —, 1905, in compliance with the agreement made with defendant Mary C. Kingsley, said defendant Alexander Kingsley reconveyed said real estate to this defendant in fee simple, subject to said mortgage to defendant Corydon National Bank; that since the date of her marriage to defendant Alexander Kingsley she has lived with him, nursed him and waited on him until he recovered from his sickness, and is still his wife, living with him and caring for him; that at the time she married defendant Alexander Kingsley, and also at the time of the conveyance of said real estate by her and her said husband to said Clara Melton, trustee under said agreement theretofore made by them, said defendant says she had no knowledge of plaintiff's cause of action against her said husband, on which judgment was rendered against him as alleged in the complaint.

A demurrer for want of facts to this paragraph of answer was overruled, and a reply in general denial filed thereto. Upon the issues thus formed the cause was tried, and, upon proper request, the court made a special finding of facts, stated conclusions of law thereon, and rendered judgment in favor of appellee Mary C. Kingsley, and against appellant for costs.

The assignments are that the court erred in overruling the demurrer to said second paragraph of answer, and the motion for a new trial.

In support of the demurrer it is claimed that the agreement seeks to show an express trust; and that it is

1. bad, because an express trust cannot be created by parol. The agreement was executed, and the rule does not apply.

Said second paragraph of answer was pleaded in bar. It alleges that appellee Mary C. Kingsley married appellee Alexander Kingsley in consideration of his promise to

2. convey to her in fee the land in controversy, subject to his life estate. This agreement, it is alleged, was carried out, and she received the consideration contracted for. On August 18, 1905, when the last conveyance was made, Alexander Kingsley was the owner of a life estate in the land, subject to sale to satisfy the demands of his creditors. Appellant was a creditor. *Bishop* v. *Redmond* (1882), 83 Ind. 157. As to creditors, said Kingsley could not devest himself of this title in favor of his wife, for the consideration stated. Said paragraph, therefore, was only a partial answer to the complaint, and was not sufficient.

It is argued that special findings fifteen, seventeen

3. and eighteen are not sustained by sufficient evidence and are contrary to law.

Said fifteenth finding is, in effect, that a week prior to his marriage, Kingsley promised defendant Mary C. Kingsley that if she would marry him he would give her everything he had. The debts were a charge on the land, and he was to give her a deed to said real estate. This was agreed to by her. This finding is established without conflict of the evidence.

The seventeenth finding is, "that said deed of conveyance mentioned in plaintiff's complaint was given and received by defendant Mary C. Kingsley without any knowledge on her part, that it would hinder, delay and defraud plaintiff from the collection of her claim for damages aforesaid, and

without any intent to hinder, delay and defraud plaintiff from the collection of her said debt and claim for damages.''

The eighteenth finding is that the conveyance from Kingsley to his wife was not made with a fraudulent intent; that in May, 1905, Kingsley and his wife executed a mortgage on said land to the Corydon National Bank to secure $150 borrowed by Alexander Kingsley; that the mortgage was duly recorded in the proper records, and was not made to cheat, delay or defraud plaintiff from collecting her said claim; that Mary C. Kingsley, on April 18, 1905, without any fraudulent intent on her part, and without knowledge of such intent on the part of her husband, received said deed for said land, and that said money, or a part thereof, was used to pay physicians' bills, and for medicine, drugs, etc.

It is insisted that, inasmuch as appellee Mary C. Kingsley testified that she took the deed with the intention that appellant McKnight should not get any of the property, and that at the time she received the last deed she knew that appellant had brought suit against said appellee's husband for damages for breach of promise of a marriage contract, said findings were contrary to the evidence.

The evidence clearly shows that the land was conveyed in pursuance of a contract made before marriage and for a valuable consideration. This agreement was made and executed prior to any knowledge upon the part of appellee Mary C. Kingsley of any claim that appellant had against Alexander Kingsley. Said appellee learned of the claim a few days before the last conveyance. Had the deed been executed when the contract was made, there would have been no suggestion of fraud. From the time the marriage was consummated under the agreement Mary C. Kingsley became the equitable owner of said real estate. The fact that she intended, when she took the conveyance, that appellant was to have no part of the property, did not, although she knew of the pending suit, make her act fraudulent; for,

under the evidence, the fact that she intended to prevent appellant from getting any part of the real estate would be immaterial. She was only securing what belonged to her. Both she and her husband testified that the conveyance was made to carry out the antenuptial contract. In her testimony she claimed that it was her property, because of the agreement, and she believed that appellant had no interest in it. Doubtless it was in this sense that the court interpreted her testimony.

Another reason set out in the motion for a new trial is that the court admitted in evidence the testimony of defendant Alexander Kingsley on behalf of defendants after said Kingsley had suffered a default to be taken.

Such action did not disqualify him as a witness, and could not deprive either party to the suit of the benefit of his testimony. The court also permitted Clara Melton to testify, in effect, that she conveyed said real estate as trustee. All the evidence showed that this was the capacity in which she acted. In this ruling there was no error.

While the court erred in overruling the demurrer to said paragraph of answer, it appears from the special findings that the judgment was rendered on the last deed of conveyance, and that said deed was made, in pursuance of an antenuptial contract, for a valuable consideration. The ruling was therefore harmless.

There are inconsistencies in the testimony, but without weighing the evidence this court cannot hold that the facts were not correctly found.

Judgment affirmed.