## BOYD ET AL. v. MILLER.

[No. 9,422. Filed November 1, 1917. Rehearing denied April 5, 1918. Transfer denied November 20, 1918.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.*— *Cure by Instruction.*—In an action for the possession of real estate, error, if any, in permitting plaintiff, grantor of the land in controversy, to testify that she believed a line fence to be the boundary line and that it was her intention to sell only to the fence, was cured by an instruction expressly withdrawing evidence of that character from the jury's consideration. p. 457.

2. BOUNDARIES.—*Pleading.*—*Issues.*—*Grant in Accordance to Plat.* —In an action for the possession of real estate involving a boundary, if the only description of the realty in the pleadings was by reference to the official plat, there would be no issue as to an agreed boundary line, since the plat would control. p. 458.

3. BOUNDARIES.—*Pleading.*—*Issues.*—*Instructions.*—*Agreed Boundary.*—In an action for the possession of real estate involving a boundary, where the complaint alleged that a line fence was on the boundary line in controversy, that defendants bought with reference to the fence as a boundary and had used only to such fence, and that immediate and remote grantors of the parties to the action had recognized the fence as the true boundary, instructions as to the recognition of the fence as the boundary were within the issues. p. 459.

4. BOUNDARIES. — *Location.* — *Evidence.* — *Jury Question.* — In an action for possession of real estate involving a boundary line, evidence as to the length of time a fence had been in existence and the use and occupation of the realty in dispute with reference thereto and as to discrepancies between an original city plat and different surveys, *held* sufficient to present the issue whether such fence marked the boundary line in controversy. p. 460.

5. BOUNDARIES.—*What Constitutes.*—*Location.*—*Question of Law and Fact.*—What constitutes a boundary line is a question of law, but the location thereof is a question of fact. p. 462.

6. BOUNDARIES.—*Location.*—*Parol Evidence.*—*Admissibility.*—*Varying Deed.*—In an action for possession of real estate involving a boundary, where there was a dispute as to the width of several streets, evidence showing that there was a surplus in the block and that a certain fence was the true boundary between the lots involved, was not objectionable as tending to vary a deed conveying with reference to the plat, but was properly admitted to apply to the land conveyed thereby. p. 462.

7. DEEDS.—*Application of Description.—Parol Evidence.*—The purpose of a description in a deed is to furnish the means of identifying the lands conveyed and resort may be had to parol evidence to apply the description, render it intelligible and to give the conveyance the practical effect intended by the parties. p. 463.

8. ESTOPPEL.—*Estoppel by Deed.—Reference to Plats.—Effect.*—In an action involving a boundary line, where it appeared that plaintiff, the owner of two adjoining lots, conveyed one to defendants according to a certain original plat, and defendants denied an agreed boundary, but claimed under the deed, such plat became a part of the description in the deed and was binding on defendant, although later surveys shortened the block. p. 464.

9. APPEAL.—*Review.—Harmless Error.—Issues Without Pleadings.—Failure to Object.—Affirmance.*—Where issues not presented by the pleadings have been tried by the parties without objection and a correct result reached on any view of the case, and it affirmatively appears that intervening errors, if any, were harmless, the judgment will be affirmed. p. 465.

From La Porte Circuit Court; *Andrew J. Hickey,* Special Judge.

Action by Jennie F. Miller against Alexander A. Boyd and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Cornelius R. Collins* and *Jeremiah B. Collins,* for appellants.

*Theron F. Miller,* for appellee.

FELT, J.—Appellee brought this suit against appellants, who are husband and wife, for the possession of a certain portion of a lot in Michigan City, Indiana. The complaint was in two paragraphs, on which issues were joined by answer in general denial. A trial by jury resulted in a verdict for appellee.

Appellants moved for judgment on the answers of the jury to interrogatories, and for a new trial, both of which motions were overruled by the court. Judgment was rendered on the general verdict in favor of

appellee for possession of the real estate described in her complaint, and for costs.

The error assigned and relied on for reversal is the overruling of the motion for a new trial.

While many things are suggested in appellant's brief, it is difficult to ascertain the alleged errors upon which they rely for reversal of the judgment. Many preliminary and technical questions are discussed by both parties, which, in view of the ultimate conclusion reached, we deem it unnecessary to discuss.

Giving appellants the benefit of matter supplied by appellee's brief, and considering such questions as are sufficiently presented for due consideration, it appears that appellants rely upon alleged error in the admission of certain evidence, in the giving of certain instructions to the jury, and in refusing to give certain instructions tendered by them.

When this controversy arose, it appears that appellants owned the east half of lot 1, block 31, Elston's original survey of Michigan City, Indiana; that appellee owned the adjoining lot immediately south of appellants' lot, which is described as the north half of lot 4 in said block 31, both of which lots abut on Spring street in said city; that a partition fence had been maintained on said boundary line back from the street a distance of about eighty-three feet for many years, or since about 1882; that in October, 1914, appellants built a garage extending over and upon appellee's lot about two feet south of said fence for a distance of twelve feet. The strip so occupied gave rise to this suit.

Appellants predicate error on the ruling of the court in permitting appellee to testify that she believed the

fence to be the true boundary line, and that it

1.   was her intention to sell the property within the fence line when she sold the east half of lot 1 to appellants. By an instruction given the jury the court expressly withdrew from its consideration evidence of this character, and told the jurors that in arriving at their verdict they should not weigh or consider the same. The error, if any, in admitting such evidence was rendered harmless by the instruction. *Shepard* v. *Goben* (1895), 142 Ind. 318, 321, 39 N. E. 506; *Louisville, etc., Traction Co.* v. *Leaf* (1907), 40 Ind. App. 214, 217, 79 N. E. 1066; *Madden* v. *State* (1897), 148 Ind. 183, 186, 47 N. E. 220; *Wishmier* v. *Behmyer* (1868), 30 Ind. 102.

Complaint is made of instructions Nos. 2 and 3 given by the court. Number 2 in substance told the jurors that evidence had been received relating to a certain line fence; that if they found from the evidence that the fence had been located by the owners of the adjoining lots and marked the boundary line between such lots and had been maintained as the true boundary line and is in fact the true line between said lots, appellants would have no right to take any portion of the ground south of the boundary line established and marked by such fence. Instruction No. 3 states in substance that, if the jury found from the evidence that the plaintiff and her grantors, and the defendants and their grantors, recognized the boundary line between their lots indicated by a fence, that if they found from the evidence that a fence had been on that identical line and had been recognized by plaintiffs and defendants and their immediate grantors, for a period of thirty years or more, as the true boundary

line between said lots, they should find for the plaintiff.

Appellants contend that the deed by which they acquired title conveyed to them the ground upon which the garage was built, and that appellee is absolutely bound by the description written therein; that there is no evidence tending to show that appellants had anything to do with the fence, or that there was any implied or express agreement on their part that the fence marked the boundary line of the lots, or that they recognized the same as indicating the true boundary line between their lot and appellee's lot immediately south thereof; that instructions Nos. 2 and 3 aforesaid are erroneous because there is no evidence which warranted the court in giving them to the jury; that the instructions authorized the jury to ignore the deed and return a verdict on parol evidence which tends to contradict the deed by showing a boundary line recognized or agreed upon by the parties.

Considering only the descriptions of the property by reference to the plat as set out in the complaint, the issues presented do not include that of an agreed line. *Cole* v. *Gray* (1894), 139 Ind. 396, 407, 38 N. E. 856; *Gary Land Co.* v. *Griesel* (1913), 179 Ind. 204, 209, 100 N. E. 673. However, it is averred in each paragraph of the complaint that the fence removed by appellants was on the boundary line in controversy. It is also averred in the second paragraph of the complaint that the immediate and remote grantors of both appellants and appellee now maintain, and for more than thirty years last past have maintained, a fence between the aforesaid lots of the parties hereto; that appellee sold and appel-

lants bought with referenec to said fence as marking the boundary line between their said lots; that appellants took possession of and used their said lot up to the fence; that plaintiff is the owner of the north half of said lot 4 in block 31 of Elston's original survey of Michigan City, Indiana, "and of such land as is south of the aforesaid fence."

The record indicates some confusion as to the theory on which the case was tried. Appellants presented instructions which clearly recognized the issue of an agreement between the parties that the fence was on the boundary line.

The verdict of the jury describes the property, possession of which was recovered by appellee, with reference to the fence as follows: "Commencing on a point on the fence line between the east half of lot one (1), of block number thirty-one (31), of Elston's Original Survey of Michigan City, Indiana, and the north half of lot number four (4), block thirty-one (31), of Elston's Original Survey of Michigan City, Indiana, where the said fence line is intersected by the easterly wall of a certain garage; thence at right angles in a southerly direction a distance of two and one-tenths feet; thence at right angles in a westerly direction a distance of twelve feet; thence at right angles in a northerly direction a distance of two and one-tenths feet; thence in an easterly direction to the place of beginning."

No objection was made to the form of the verdict.

From the foregoing it appears that instruction No. 2 above set out was warranted by the issues, and was not harmful to appellant. No objection 3. was made to instruction No. 3 on the ground that it deals with the question of adverse pos-

session, but the objection is limited to the proposition that the instruction is not warranted by the evidence and authorized a verdict on parol evidence which tended to contradict the deed. This contention cannot be sustained.

The evidence tends to show that appellee acquired title to the east half of lot 1 in block 31, Elston's old survey of Michigan City, Indiana, in 1881; that the same was conveyed to Ida F. Campbell in 1887, and reconveyed to appellee in 1896; that appellee conveyed the same lot to appellants in 1905; that in 1892, while the lot was owned by said Campbell, the fence between it and the north half of lot 4 in said block 31 owned by appellee was renewed by the owners, and by agreement of such owners the fence was placed on the identical line of the fence that had previously been erected and maintained as the boundary between such lots.

There was also evidence tending to show that there is a surplus of ground in block 31; that lines shown by the original plat of the city and by different surveys indicate some discrepancies; that a partition fence had been maintained on the same line as the fence which was between the lots in question in 1914, and that it had been so maintained from a date prior to 1887, by the successive owners of such lots; that such fence was in existence and was seen by appellants when they bought their lot from appellee in 1905; that appellants and appellee occupied, cultivated and otherwise used all the ground on their respective sides of such fence up to the fence, without objection, and without any claim or suggestion on the part of appellants or any other person that the fence was not the true boundary line, continuously

until October, 1914, when appellants, without notice to or permission of appellee, removed a part of said fence and erected a garage extending south of the fence line more than a foot.

The description in both of the deeds by which the parties to this suit claim title describe the lots as located in block 31 of Elston's original survey of Michigan City, Indiana. The plat of such survey was in evidence and designates the width of certain named streets, and states that "all the rest are 66 feet wide." Spring street ran along the east side of said block 31. Seventh street is on the north, and Eighth street on the south side of said block. According to this plat each of the streets aforesaid is sixty-six feet wide, though there is evidence tending to show some of the streets are 82½ feet wide, and that some of the fences are out in the street.

There was evidence showing that considering Seventh and Eighth streets as sixty-five feet wide, the true boundary line between said lots was about two and one-half feet north of said fence; that appellants have fenced on the front of the east half of lot 1, block 31, 88.4 feet, and that appellee had fenced in as half of lot 4, block 31, 39.1 feet.

Notwithstanding the deeds refer to Elston's survey, appellants contend that block 31 is not in such survey, and cite some later surveys and additions which, however, are not shown to annul or change the plat by which all the conveyances affecting the lots in question were made.

Appellants in their briefs concede that there is some confusion in the records relating to the original plat and subsequent surveys, but they entirely fail to

show that the original plat is invalid or that it is not in evidence in the case at bar.

On this state of the record we cannot say there is a total failure of evidence to show that the lots in controversy are in such survey or that the fence removed by appellants marks the true boundary line between the lots of appellants and appellee. *Rosenmeier* v. *Mahrenholz* (1912), 179 Ind. 467, 473, 101 N. E. 721, and cases cited; *Furst* v. *Satterfield* (1909), 44 Ind. App. 613, 617, 618, 89 N. E. 906; *Palmer* v. *Dosch* (1897), 148 Ind. 10, 13, 47 N. E. 176.

5. 6. What constitutes a boundary line is a question of law, but the location of such boundary line is a question of fact. In the case at bar both deeds describe the lots as being in the same block of the same addition, the original survey of the town. The parties do not agree as to the effect of this survey or plat or subsequent surveys or subdivisions, nor as to the location or length of certain lines and the width of certain streets, which in a way bear on the questions in controversy in this suit. In this situation it was proper to hear evidence relating to the fence, the circumstances connected with appellants' purchase of the lot, the line recognized or agreed upon, and the several plats and surveys, and to submit to the jury for its determination from all the evidence bearing on the question the location of the boundary line in controversy. Such evidence is not received to vary or change the deed, but to enable the court to apply it to the subject-matter after the ambiguity or uncertainty has been removed by the determination of the question of fact by the jury, according to the true intent and meaning of the

contracting parties as evidenced by the deed and the attending conditions and circumstances.

It is not the office of a description to identify lands, but to furnish the means of identification. Resort may be had to parol evidence to apply

7. the description, to render it intelligible and to give it the practical effect intended by the parties. *Scheible* v. *Slagle* (1883), 89 Ind. 323, 330; *Ayers* v. *Huddleston* (1903), 30 Ind. App. 242, 251, 66 N. E. 60; *Hunt* v. *Francis* (1854), 5 Ind. 302, 305; *Cleveland* v. *Obenchain* (1886), 107 Ind. 591, 598, 8 N. E. 624; *Richwine* v. *Jones* (1895), 140 Ind. 289, 290, 39 N. E. 460; *Caspar* v. *Jamison* (1889), 120 Ind. 58, 64, 21 N. E. 743; *Wingler* v. *Simpson* (1884), 93 Ind. 201, 204; *North* v. *Jones* (1913), 53 Ind. App. 203, 214, 100 N. E. 84; *Reid* v. *Klein* (1894), 138 Ind. 484, 495, 37 N. E. 967; *Lanman* v. *Crooker* (1884), 97 Ind. 163, 167, 49 Am. Rep. 437.

Appellants also contend that the court erred in giving to the jury instructions Nos. 7 and 8, because they are based on the idea of an agreement by the parties in interest, that the fence was the boundary line between their lots, and there is no evidence of such an agreement.

In the view of the case we are compelled to take, it is not necessary to determine whether there is or is not evidence tending to show an express or implied agreement binding upon the parties to this appeal as to the boundary line in controversy. But see 5 Cyc 930, 933; *Adams* v. *Betz* (1906), 167 Ind. 161, 169, 170, 78 N. E. 649; *Palmer* v. *Dosch, supra; Tate* v. *Foshee* (1889), 117 Ind. 322, 323, 20 N. E. 241; *Pitcher* v. *Dove* (1885), 99 Ind. 175, 179.

Appellants insist that the rights of the parties

must be determined from a consideration of the deeds, and that on this basis the judgment is

8. unwarranted. Appellants do not deny that the plat becomes a part of the description written in the deed, but in some indefinite way seek to hold appellee by the description in the deed and yet show that the width of the streets and the boundary lines of the lots in controversy are other than as shown in the plat on which the description is based.

The evidence is undisputed that, based on the original plat, the streets surrounding block 31 on the north, south and east sides are sixty-six feet wide, and that the line between said lots 1 and 4, block 31, instead of being south of the fence which has been maintained as above stated is two and one-half feet north thereof. While there was some evidence tending to show that said streets as they now appear are 82½ feet wide, there was also evidence of a surplusage of ground in block 31.

In answer to interrogatories the jury stated that Seventh and Eighth streets were 82½ feet wide, but in answer to the questions whether such streets were 82½ feet wide according to the measurements of the original Elston's survey the jury answered in the negative. It also answered that the south line of Seventh street and the north line of Eighth street as they now appear are different from such lines as designated in said original survey. The jury also found in answer to an interrogatory that according to the measurements of the original Elston's survey as shown by the plat there was a surplusage of nineteen feet.

Appellee did not claim any ground north of the fence, and the verdict above set out shows that she

only recovered possession of that part of the lot south of the fence upon which appellants had placed their garage.

Considering the case from the standpoint of appellants' claim and the result reached, it is evident that appellants have no cause to complain, and could not have been harmed by any of the instructions complained' of, for, as the case is presented to this court, under the undisputed evidence, and on appellants' own theory, appellee is clearly entitled to all she recovered, and appellants still retain ground that under the rule invoked, if carried to its logical conclusion, based on the descriptions in the deed, would show the true boundary line to be north, instead of south, of the fence as asserted by appellants.

Where the result reached is clearly right on any view of the case, and it affirmatively appears that the appellants have not been harmed by intervening errors, if any, the judgment will be affirmed. *Indianapolis St. R. Co.* v. *Schomberg* (1904), 164 Ind. 111, 114, 72 N. E. 1041; *Mason* v. *State* (1908), 170 Ind. 195, 203, 83 N. E. 613; *McNight* v. *Kingsley* (1911), 48 Ind. App. 372, 378, 92 N. E. 743; *St. Clair* v. *Princeton Coal, etc., Co.* (1912), 50 Ind. App. 269, 271, 98 N. E. 197; *First Nat. Bank* v. *Ransford* (1914), 55 Ind. App. 663, 668, 104 N. E. 604.

The same result follows where issues not presented by the pleadings have been tried by the parties without objection and a correct result reached. *Driscoll* v. *Penrod* (1911), 176 Ind. 19, 25, 95 N. E. 313; *Louisville, etc., Traction Co.* v. *Lottich* (1915), 59 Ind. App. 426, 435, 106 N. E. 903; *Shedd* v. *American Maize,*

*etc., Co.* (1915), 60 Ind. App. 146, 163, 108 N. E. 610. Judgment affirmed.

Hottel, C. J., Ibach, P. J., Dausman, Caldwell and Batman, JJ., concur.

NOTE.—Reported in 117 N. E. 559.