## BUBACZ *v.* KIRK ET AL.

[No. 13,822.   Filed May 23, 1930.]

*Allen P. Twyman, Joseph A. Meade* and *Casil H. Friedman,* for appellant.

*Charles M. Reed* and *A. Ottenheimer,* for appellees.

NEAL, J.—Appellant commenced this action January 19, 1925, by filing her complaint in ejectment in the Lake Superior Court, naming appellees defendants. The complaint alleged that the appellant was the owner and entitled to the immediate possession of the following described real estate: Commencing at the northwest corner of lot 25 in block 4 in a subdivision of the southeast quarter of section 29, township 37 north, range 9 west of the second principal meridian, in the city of East Chicago, Lake County, Indiana, running thence south along the west line of said lot, a distance of .94 feet, running thence east a distance of 69.6 feet to a point .6 of a foot south of the north line of said lot, thence north .6 of one foot to the north line of said lot, thence west along the north line of said lot 69.6 feet to the point of beginning; also commencing at a point .6 of a foot west of the northeast corner of said lot, thence south .6 of one foot, thence west 22.5 feet to a point .3 of one foot south of the north line of said lot, thence east 22.5 feet to the point of beginning; that appellees held the described real estate without right, and have unlawfully kept appellant out of possession thereof since February 17, 1921.

Appellee Clarence L. Kirk answered in eight paragraphs: (1) Answer in general denial; (2) statute of limitations, alleging that the cause of action did not accrue within 20 years next before the commencement of the action; (3) that appellee Clarence L. Kirk was the owner in fee-simple of the real estate described in appellant's complaint, and that he and his predecessors in title have, for more than 20 years immediately preceding the filing of plaintiff's cause of action, owned and occupied the real estate under a claim of absolute ownership and color of title, and that the same has been peaceable, open, notorious and visible against any and all persons, firms or corporations, and as against the world; (4) this para-

graph is almost indentical with 3, except an additional allegation that the appellee claims and asserts title to the real estate and has at all times during the named period of time asserted title as against all persons and as against the world; 5 and 6 contain substantially the same allegations as paragraph 7; 7 alleges: That on August 29, 1902, George L. Sheerer purchased lot 24 in block 4 in a subdivision of the southeast quarter of section 29, township 37 north, range 9 west of the Second principal meridian, Lake County, Indiana, which said lot lies immediately north of and adjoining lot 25 in said block, as described in appellant's complaint; that, through *mesne* conveyances and suits in court, appellee is the owner in fee of the real estate described in appellant's complaint, having derived title as aforesaid; that after Sheerer had purchased the real estate as above set out, he contemplated the erection and construction of certain buildings and other improvements thereon and caused a survey to be made of lot 24, block 4, fixing and determining its boundary lines and fixing the line between lots 24 and 25; that immediately after said survey was made, said Sheerer notified Frank L. Johnson, then the owner of lot 25 as aforesaid, of the fact that he had caused a survey to be made of lot 24 fixing the boundary line between the lots 24 and 25 aforesaid, and determining its location; that, after investigation by both Sheerer and Johnson, the parties, who were at the time the owners in fee of the respective lots 24 and 25 aforesaid, agreed that the boundary line between said lots, as shown by said survey, should be taken as the true and correct boundary line, and agreed that Sheerer was the owner in fee simple of all the real estate lying north of the boundary line so fixed, determined and agreed upon, and that Johnson was the owner of all the real estate lying south of the boundary line so agreed upon; that the real estate

described in appellant's complaint is the same identical real estate lying immediately north of and adjoining the boundary line between lots 24 and 25 as fixed, determined and agreed upon; that, under and in accordance with said agreement and the boundary line so fixed and determined, Sheerer, the predecessor in title of appellee, Clarence L. Kirk, immediately took possession of, and has, together with the subsequent owners, used and occupied the real estate, and that such possession and occupancy have at all times been peaceable, open, notorious and visible as against the world; that Sheerer and Johnson, being the owners of adjoining premises, did establish by agreement said boundary line, and the said Sheerer did take and hold possession of the real estate so described in appellant's complaint and did improve the same in accordance with the boundary line so agreed upon and did erect valuable and lasting improvements upon the real estate, and that the real estate is occupied by a two-story brick building and has been occupied at all times since the date of the agreement; 8 alleges facts substantially as contained in paragraph 7, with the additional allegation that, by reason of the facts alleged, the appellant was estopped to assert or claim any right, title or interest in and to the real estate. Appellee Autie Kirk answered in general denial and appellants replied by general denial to the several affirmative paragraphs of answer.

A resume of the facts favorable to appellee: On March 18, 1902, Frank L. Johnson was the owner in fee simple of lot No. 25 as heretofore described; in the year 1921, Johnson and wife conveyed the same to the appellant, who is now and has been ever since the day of conveyance the owner and in possession thereof; George B. Sheerer, in the year 1902, became the owner of lots No. 23 and 24 of the same block and subdivision as lot No. 25; Sheerer retained the title and ownership to the lots

so purchased by him until October 19, 1907, at which time he conveyed the same to appellees; on April 18, 1913, appellees conveyed lots 23 and 24 to one Clair B. Dingham, who, on the same day, conveyed them to appellee Autie R. Kirk; appellee Clarence L. Kirk became the owner of the two lots by virtue of a quiet-title decree and a tax deed under date of February 17, 1920, and he is now and has been continuously since that time the owner and in possession of the same; when Sheerer purchased lots 23 and 24 they were vacant; lot No. 25 was improved by the erection thereon of a two-story frame building; the eaves of the north side of the frame building were observed by Johnson and Sheerer to be very near, if not located over, the supposed line dividing lots 24 and 25; the frame building did not stand straight with the street; it was somewhat farther north at the rear than it was in the front; Sheerer, at the time of the purchase of the lots, had informed Johnson that he contemplated the erection of improvements upon his real estate; several conversations between Johnson and Sheerer took place prior to the spring of 1903, at which time the position of the frame building, the contemplated improvements by Sheerer, and the location of the line dividing the two lots were discussed; Sheerer informed Johnson that he was going to have the property surveyed, to which Johnson offered no objection, but stated, in substance, that it would be a good thing to do, as they ought to know the location of the line; Sheerer employed one Davidson, city engineer of East Chicago, to make the survey; the engineer set stakes at the time he made the survey at each corner of the two lots, also at each corner of a 50-foot tract upon which Sheerer contemplated the erection of a two-story building; the survey was made in the fall of 1902 or the spring of 1903; Sheerer replaced the wooden stakes with iron stakes, which remained there until the erection of the brick building by Sheerer;

shortly after the survey was made, Johnson and Sheerer together observed that the eaves on the north side of the frame building extended over the dividing line as established by the survey onto lot No. 24; it was agreed that the eaves should be sawed off to conform with the line and permit the erection of the south wall of the proposed two-story brick building on the line; the foundation of the brick building was started prior to 1905; it was constructed of cement and was placed according to the iron stakes heretofore referred to which marked the line between the two lots; when the south wall of the brick building reached a height in its construction almost to the eaves of the two-story frame building, the eaves were sawed off by the workman; Johnson was present many times during the construction of the building; he never made any objection to the line as established by the survey, the location of the iron stakes, or the erection of the south wall on the line as determined by the survey; when the building was finished, it was occupied by tenants; in the year of 1907, appellees purchased the real estate from Sheerer; it is now occupied by the water company and has been for several years; Sheerer claimed title and ownership of lots 23 and 24 to the boundaries as fixed by the iron stakes until he sold it, and the appellees have likewise claimed title to the real estate ever since, and Johnson never disputed the title and ownership as asserted by Sheerer or appellees.

A fair and reasonable inference from the evidence is that Johnson and Sheerer agreed that the line established by the survey was the true dividing line between lots 24 and 25, and that the survey established and fixed the line.

No demand was made prior to the commencement of this action for appellees to vacate that part of the real estate described in the complaint upon which rested the south wall of the two-story brick building.

There was evidence to the effect that a recent survey of the two lots by the county surveyor disclosed that the dividing line as established by the survey of 1902 or 1903 was incorrect, and that the south wall of appellee's building encroached upon lot 25 the distance as described in appellant's complaint. The recent survey disclosed, however, that there were certain differences between the plats of 1.36 feet on the west side and that the surveyor had to assume in computing the distances that the plat and the plats of correction were correct.

The court found for the appellees and rendered judgment accordingly.

Only one cause under the motion for a new trial, the overruling of which is assigned as error, is presented, viz., the finding is not sustained by sufficient evidence.

We are of the opinion that the facts of this case come within the principle of law announced by the Supreme Court in the case of *Adams* v. *Betz* (1906), 167 Ind. 161, 78 N. E. 649, which is as follows: "As a general rule, it is affirmed by the authorities that where owners of adjoining premises establish by agreement a boundary or dividing line between their lands, take and hold possession of their respective tracts, and improve the same in accordance with such division, each party, in the absence of fraud, will thereafter be estopped from asserting that the line so agreed upon and established is not the true boundary line, although the period of time which has elapsed since such line was established and possession taken is less than the statutory period of limitation. . . . The general rule recognized by the authorities is that a boundary line located under such circumstances, in the absence of fraud, becomes binding on the owners establishing it; not on the principle that the title to the lands can be passed by parol, but for the reason that such owners have agreed permanently upon the limits of their respective premises,

have acted in respect to such line, and have been controlled thereby, and, therefore, will not thereafter be permitted to repudiate their acts." *Boyd* v. *Miller* (1917), 68 Ind. App. 454, 117 N. E. 559; *Stalcup* v. *Lingle* (1921), 76 Ind. App. 242, 131 N. E. 852; *Kitchen* v. *Chantland* (1905), 130 Iowa 618, 105 N. W. 367; *Clayton* v. *Feig* (1899), 179 Ill. 534, 59 N. E. 149; Id., 188 Ill. 603, 59 N. E. 245; *Garvin* v. *Trelkeld* (1917), 173 Ky. 262, 190 S. W. 1092; 2 C. J. §245; *Hanlon* v. *Ten Hove* (1926), 235 Mich. 227, 209 N. W. 169, 46 A. L. R. 788; *Payne* v. *McBride* (1910), 96 Ark. 168, 131 S. W. 463, Ann. Cas. 1912B 661; 4 R. C. L. 128.

The finding of the court is sustained by sufficient evidence.

Judgment affirmed.