SEYMOUR WATER COMPANY *v.* CITY OF SEYMOUR.

[No. 14,864. Filed October 15, 1935. Rehearing denied January 8, 1936. Transfer denied April 7, 1936.]

*Montgomery & Montgomery, Smith, Remster, Horn-brook & Smith, Paul Y. Davis, Kurt F. Pantzer* and *Ernest R. Baltzell,* for appellant.

*E. P. Elsner, Edward Massman, Jr., Pickens, Davidson, Gause, Gilliom & Pickens,* for appellee.

BRIDWELL, J.—Appellant brought this action against the appellee seeking to recover an amount alleged to be due it for unpaid rentals for water service for fire hydrants installed for and used by appellee. Recovery was sought for a period of time extending from April 1, 1930, to June 30, 1931, at $55.00 per annum for each of 181 hydrants in use during such time in accordance with a schedule of rates theretofore filed with and approved by the Public Service Commission of the State of Indiana, upon a joint petition filed with said Commission by the parties. The complaint was answered by a general denial, and the cause submitted to the court for trial. The evidence consisted of a written stipulation of facts and there was a finding and judgment in favor of appellant for the sum of $9,168.75 and costs. Appellant filed its motion for a new trial asserting as causes therefor each of the following reasons: (1) That the decision of the court was not sustained by sufficient evidence; (2) that the decision of the court was contrary to law; (3) that there was error in the assessment of the amount of recovery in this, that such assessment was too small. This motion was overruled and appellant excepted, thereafter perfecting this appeal, and assigning as error the court's action in overruling its motion for a new trial.

It appears from the record that appellant continuously from January 1, 1890, until January 1, 1920, owned and operated a water works plant and system, and supplied appellee city and its inhabitants with any needed water supply, including all needed water for fire hydrants in accordance with the terms, provisions, and rates fixed by an ordinance enacted by appellee on the 7th day of March, 1899, granting to appellant's assignor a franchise to construct and operate said water works plant. Until January 1, 1920, the city paid all rentals due for fire hydrant service at the rate of $4,500 per year for the first one hundred hydrants, and $35.00 per hydrant for each additional hydrant, the rate fixed in the ordinance at the time of its passage. The life of the franchise granted is fixed by section 2 of the ordinance, providing as follows:

"The rights and privileges hereby granted shall continue from the time of the passage of this Ordinance, and for a term of thirty years from and after the first day of January, 1890; provided said works be not sooner purchased by the City as hereinafter provided; and provided further, that in case the City does not elect to avail itself of its option of purchase at or before the end of thirty years, according to the terms of this Ordinance, the City of Seymour hereby extends the life of this franchise and contract for a like period of thirty years, reserving the some rights of purchase as before, with hydrant rentals *not exceeding those named in this contract.*"

A subsequent section of said ordinance gave to the city a right to purchase the plant at the end of the first ten years or at the end of any subsequent five-year period, and provided a method for valuation of said plant in the event appellee decided to exercise its option to purchase. The city (appellee) did not elect to avail itself of its right to purchase. Appellant did not surrender its said franchise or elect to accept an indeterminate permit as a public utility under the provisions of the Shively-

Spencer Utility Commission Act (Chap. 76, Acts 1913, page 167), or its amendments, and said ordinance of March 7, 1899, has never been repealed nor has appellee ever granted to appellant or any other person any other franchise for the purpose of operating a water works plant in said city. The appellant continued to own said franchise and plant from said January 1, 1920, until the filing of this action, and during this period of time furnished the needed water supply to appellee and the inhabitants of said city. On the 18th day of December, 1919, appellant and appellee tentatively agreed upon schedules of rates to be charged by appellant for water to be furnished for public and private uses, and upon rules and regulations governing service for a period of ten years beginning January 1, 1920, and thereupon filed their joint petition with the Public Service Commission of Indiana, asking said Commission to approve the said schedules of rates and the rules so agreed upon. On December 23, 1919, said Commission made and entered of record an order approving the rate as submitted, the rate for fire hydrants being submitted at $55.00 per annum for each fire hydrant, said rate to become effective January 1, 1920. On the 26th day of December, 1919, appellant and appellee entered into a written contract whereby appellant agreed to supply appellee city and its inhabitants with water *under the franchise theretofore granted,* for a period of ten years from January 1, 1920, and appellee agreed to take water for "fire and other purposes" and to pay for same at the rates agreed upon in said contract (which rates were and are the same as approved by the said Public Service Commission upon the joint petition of the parties) for said period of ten years. On January 21, 1920, appellant filed with said Public Service Commission schedules showing all rates, tolls, and charges which had been so established, fixed, and approved, and which were in

force at that time for any service performed by appellant within this state, together with all rules and regulations in any manner affecting the rates charged or to be charged for any service. Said schedule of rates so filed were as provided for by the contract of December 26, 1919, and there was a substantial reduction in the metered rates to be charged for water supplied to private consumers from the rates charged for like service prior to January 1, 1920. No other or different schedule has since been filed or published, or ordered by said Commission to be filed or published, and the schedule of rates, tolls, and charges, rules and regulations, printed in plain type, has remained on file in the office of said Public Service Commission, and in the office of appellant, and open to public inspection at all times since January 21, 1920. During the ten year period covered by the contract, that is from January 1, 1920, to January 1, 1930, appellee paid appellant in full for all rentals due for fire hydrants in use at the rate of $55.00 per annum for each of said hydrants. On the first day of January, 1920, and continuously thereafter, there have been installed and in use in said city, pursuant to the order of the common council of said city, 181 fire hydrants supplied with water for fire service by appellant. Under the terms of the ordinance and under the terms of the contract of December 26, 1919, as well as under the schedule of rates, etc., filed with and approved by said Public Service Commission, rentals for fire hydrants were payable in equal quarterly installments in advance on the first days of January, April, July, and October of each year. On January 1, 1930, appellee paid to appellant the quarterly installment due on that day and in payment for such hydrant service to April 1, 1930. The payment for this quarter was made at the rate of $55.00 per annum for each hydrant. Thereafter, as quarterly installments became due, appellee tendered

to appellant as payment in full of the rentals due the sum of $1,833.75, the amount tendered being at the rate paid prior to January 1, 1920, and as provided for in the ordinance of March 7, 1899. Appellant refused to accept the sums so tendered and filed its complaint against appellee seeking to enforce payment at the rate of $55.00 per annum for each fire hydrant, with the result heretofore stated.

Among the contentions made by appellant is one that the decision of the court is contrary to law because recovery was permitted at a rate different from the rate sued upon in its complaint. Appellant contends that under the theory of its complaint it was entitled to recover the sum of $12,433.75, plus interest, in accordance with the rate of $55.00 per annum for each hydrant as filed with and approved by the Public Service Commission of this state, or nothing at all; that its complaint does not declare upon a service contract, and does not disclose whether the service was furnished under a franchise or an indeterminate permit; that the answer to its complaint being only a general denial, the existence of any rate other than the one sued upon was wholly beyond the issues in this cause.

That a party must recover upon the theory of his complaint in any action brought, or not at all, is a general rule so often stated that citation of authorities in its support is not needed. This rule, however, even if it be conceded as applicable under the allegations of the complaint in the instant case, cannot be invoked by appellant to bring about a reversal of the judgment rendered, as it is apparent from the written stipulation of facts which constitutes the entire evidence in the cause that the only controversy submitted to the lower court for determination was as to whether the amount to be recovered should be ascertained by applying the rate sought to be enforced by the complaint, or a rate not ex-

ceeding the one fixed in the ordinance of 1899, which granted the franchise under which appellant operates. There was no objection made as to the relevancy of any fact embraced in the written stipulation as to the facts that are true; no suggestion that any of the facts agreed to be true were not within the issue presented by the pleadings, and therefore should not be considered by the court in reaching its decision. The trial proceeded upon the theory that one or the other of the two rates was applicable, and the written stipulation introduced in evidence by the parties disclosed material facts not alleged in the complaint which were and are of vital importance in determining the rights of the parties. Under such a state of the record we cannot uphold appellant's contention that the decision is contrary to law, and that the court erred in permitting it to recover at a rate not sued upon in its complaint. See *Boyd* v. *Miller* (1918), 68 Ind. App. 454, 465, 117 N. E. 559; *Friedman* v. *Isaacs* (1929), 133 Misc. 435, 232 N. Y. S. 545.

In considering and deciding the question as to whether appellant is entitled to recover from appellee at the rate agreed upon by the parties for the ten-year period expiring December 21, 1929 (the approval by the Public Service Commission of such rate having been sought and secured by joint petition), we must keep in mind the fact that appellant has not surrendered its franchise and accepted an indeterminate permit as it was privileged to do under the provisions of the Shively-Spencer Utility Commission Act passed in 1913, or any subsequent legislation granting such privilege.

In the contract of December 26, 1919, whereby the rate for fire hydrant service was changed for a period of ten years by the parties, it was provided that the service should be rendered by appellee "under the terms of the franchise heretofore granted to it."

It is also stipulated as a fact that when the ordinance

of 1899 was enacted, the assignor of appellant, one McMillan, to whom the franchise contract was originally granted, filed with the clerk of said city his written acceptance of its terms and provisions. Duplicate copies of the ordinance were prepared, signed, sealed and acknowledged before a Notary Public, by said city and the said McMillan. One copy was delivered to McMillan, who, thereafter, as permitted by its terms, assigned his rights to appellant. Among the terms of the franchise contract was one, "that in case the city does not elect to avail itself of its option to purchase at or before the end of thirty years . . . the city of Seymour hereby extends the life of this franchise and contract for a like period of thirty years, reserving the same right of purchase as before, with hydrant rentals not exceeding those named in this contract."

The recovery sought here is for service rendered after said period of time covered by the contract of December 26, 1919, had elapsed, and at the rate which the parties hereto agreed should be effective during said ten-year period. Appellant, however, asserts "that any rate fixed in the ordinance of 1899, and by its terms applicable after December 31, 1919, to fire hydrant service, was completely rescinded and abrogated by the appellant and appellee," and, further, that since the rate sued upon has been approved by the Public Service Commission, filed and published as required by law, never changed or altered by order of said Commission, and that since the order entered by the Commission did not limit the time during which said rate should apply, that such rate is the only lawful rate which the appellee can pay and the appellant collect.

Our attention is called to sections 41, 42, 43, 45, 46, 47 and 112 of our Utility Commission Act, *supra,* but we do not believe that the provisions of said sections of the

Act are applicable to or controlling under the agreed facts in the instant case.

If appellant had been operating under an indeterminate permit after a surrender of its franchise, or if the rate sought to be collected had been established pursuant to section 122 of our Public Utility Act, *supra,* providing for a temporary alteration of rates in case of emergency, and the recovery sought was for services rendered within the period during which the emergency rates were to be effective, then appellant's contention would be well taken, but not otherwise.

Appellee, when it passed the ordinance granting the franchise involved, had the right to make as one of the conditions to appellants occupying its streets and alleys with its water mains, hydrants, etc., that hydrant rentals should not be in excess of those named in the franchise contract. A valid, binding contract resulted upon the passage of the ordinance and its acceptance. *Muncie Nat. Gas Company* v. *City of Muncie* (1903), 160 Ind. 97, 66 N. E. 436. It is true that by mutual agreement the hydrant rentals were changed for a period of ten years, but the water service during this period was still rendered "under the terms of the franchise granted." We are of the opinion that where, as here, the utility has failed to surrender its franchise and accept an indeterminate permit, even though the city and such utility by agreement change the rates payable for a limited time which will expire prior to the life of the franchise under and by virtue of which the utility operates, the rate for hydrant service applicable after the expiration of such period of time is as provided for by the franchise contract, notwithstanding the fact that the Public Service Commission, without the surrender of appellant's franchise, and upon joint petition of the parties, gave its approval to a different rate. The franchise could only be surrendered in accord-

ance with the method provided by statute, and to give the same legal effect to the rate approved by the said Commission in the instant case as if it (the franchise) had been surrendered, would be to ignore that provision of section 7, of the Utility Commission Act, *supra,* which is as follows:

> "Provided, That nothing in this act contained shall authorize any public utility during the remainder of the term of any grant or franchise under which it may be acting at the time this act takes effect to charge for any service, in such grant or franchise contracted, exceeding the maximum rate or rates therefor, if any, that may be fixed in such grant or franchise." (Sec. 12678, Burns 1926, Sec. 54-201, Burns' Ind. Stat. Ann. 1933.)

See *State ex rel.* v. *Lewis* (1918), 187 Ind. 564, 120 N. E. 129.

Appellant having continued to operate under its franchise contract, and it being therein provided that the rate for hydrant rentals during the second thirty-year period shall not exceed the rate fixed in said contract, and the court below having given appellant judgment in accordance with said rate, appellant cannot rightfully complain, as it is bound by its contract and has received judgment for the amount to which it is entitled.

Finding no reversible error, the judgment is affirmed.